## 26694. DUKES *v.* THE STATE.

DECIDED APRIL 26, 1938.

*Addleton & Hightower,* for plaintiff in error.
*Chester A. Byars, solicitor,* contra.

BROYLES, C. J. The accused was convicted of the offense of bastardy. His motion for new trial contained the usual general grounds and one special ground. The special ground complains of an alleged improper and prejudicial statement made by the solicitor during the trial and in the presence of the jury. The ground, however, fails to show or allege that a motion to declare a mistrial was made, or that any objection whatsoever to the statement was made to the court at the time, or, subsequently, during the trial. The court was not called upon by the defendant to interfere and rebuke the solicitor or to take any action in the premises. The accused complained of this occurrence for the *first* time in his motion for new trial. In *Trussell* v. *State,* 181 *Ga.* 424 (182

S. E. 514), the court said: "During the cross-examination of a witness for the State the judge stated to the attorney for the defendant: 'Stand still and ask the question, you probably make the witness nervous by walking around.' The defendant took no exception to this occurrence at the time, and complained of it for the first time in his motion for new trial. He could not abide the chance of a favorable verdict, and, 'after the return of an adverse verdict, have that verdict set aside' because of such remark by the judge." In *Hatcher* v. *State*, 176 *Ga.* 454 (168 S. E. 278), the court declared: "Every fact which is ground for mistrial must be taken advantage of before a verdict is rendered, if it is known to the defendant or his counsel; otherwise it will be considered as waived [citing authorities]." Under the foregoing rulings the ground fails to show any error of commission or omission by the court. The verdict was authorized by the evidence.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*