18902. TINNERMAN *v.* BALDWIN.

Argued March 14, 1955—Decided April 11, 1955.

*Kermit C. Bradford, Stewart & York,* for plaintiff in error.
*W. W. Mundy, Jr., J. W. Grubbs, Jr.,* contra.

Almand, Justice. To the application of Charles O. Baldwin to probate in solemn form the will of Thomas C. Baldwin, Mrs. Nonnie Mae Tinnerman filed a caveat, alleging herself to be the only child and sole heir at law of the testator, on the ground that the will was executed by reason of the undue influence of Charles O. Baldwin, the propounder; that the will was executed by reason of fraudulent representations and deceptions practiced by the propounder on the testator. It was further charged in the caveat that the testator was afflicted with a monomania as against the caveatrix, his only child, in that he was under an insane and erroneous delusion that the caveatrix was not his child. On the trial in the court of ordinary, the caveat was sustained, and, on appeal of the propounder to the superior court, at the conclusion of the evidence the judge directed a verdict in favor of the propounder, and a judgment was entered ordering probate of the will. The caveatrix's motion for a new trial as amended was denied, and error is assigned on this ruling.

■ The first ground of the amended motion assigns error on the court's permitting one of the subscribing witnesses to the will, over objection, to testify that in her opinion the testator, at the time he signed the will, knew what was going on and what he was doing, the objection being that this statement of the witness was a mere conclusion, and that the witness could testify only as to the condition and circumstances, and it was for the jury to determine whether or not the testator had testamentary capacity to execute the will at that time.

A subscribing witness to a will may give his opinion as to the sanity of the testator at the time of the execution of the will, without stating facts upon which such opinion is founded. *Reid v. Wilson*, 208 *Ga.* 235 (1) (65 S. E. 2d 913). There is no merit in this ground of the amended motion.

■ Amended grounds 2 and 3 complain that the trial judge, during the progress of the trial and while the witnesses were testifying, indicated bias and prejudice by certain remarks made to counsel and the witnesses. These assignments of error cannot be considered, for the reason that it does not appear that any objection was made by the caveatrix at the time these remarks were made, nor was any motion made for a mistrial. This court has repeatedly ruled that a remark made by the trial judge when ruling upon an objection to evidence during the progress of the trial, even if it be erroneous, cannot be made ground of a motion for new trial where no motion to declare a mistrial or other objection was made before verdict. *Perdue* v. *State*, 135 *Ga.* 277 (1) (69 S. E. 184); *Barnett* v. *Strain*, 151 *Ga.* 553 (5) (107 S. E. 530); *Herndon* v. *State*, 178 *Ga.* 832 (6) (174 S. E. 597); *Coates* v. *State*, 192 *Ga.* 130 (3) (15 S. E. 2d 240); *Ealy* v. *Tolbert*, 210 *Ga.* 96 (2) (78 S. E. 2d 26).

■ There is no specific assignment of error upon the direction of the verdict in this case, either in the bill of exceptions or in the motion for a new trial. "Unless there is a specific assignment of error·upon the direction of a verdict, the verdict must be treated as though it had been returned by a jury without any direction; and if there is any evidence to support it, a judgment overruling a motion for new trial, based solely on the ground that the verdict is contrary to law and evidence, must be affirmed by this court." *Jackson* v. *Crutchfield*, 184 *Ga.* 412 (191 S. E.

468). We have carefully examined the evidence in this case, and are of the opinion that it fully supports the verdict in favor of the propounder. It was not error to deny the motion for a new trial as amended.

*Judgment affirmed. All the Justices concur.*