## 52577. WEATHERINGTON v. THE STATE.

STOLZ, Judge.

The defendant appeals from his conviction of conspiracy to commit violation of the Georgia Controlled Substances Act.

Undercover agent Hollifield approached the Electric Palace Arcade, whereupon the defendant met him at the front door and asked him if he wanted a bag of marijuana. The agent replied in the affirmative and remained outside while the defendant re-entered the arcade. Agent Hollifield watched the defendant approach and talk with Mr. Van Pelt, who then came out of the arcade and sold the agent a bag of marijuana.

1. The defendant first contends that the trial court erred in admitting the bag of marijuana in evidence due to breaks in the chain of custody. The evidence shows that Agent Hollifield placed the substance in a white envelope with Van Pelt's name on it. The envelope was then personally delivered to Director Pender, who put the substance in an evidence bag with the defendant's and Van Pelt's names on it and placed it in a safe deposit vault. Agent Trawick retrieved the bag from the vault and delivered its contents to Mrs. Hancock, a chemist for the state crime lab. Mrs. Hancock kept the substance in her locker or her purse until the time of the trial. No party at the trial except Mrs. Hancock could positively state that the substance introduced in evidence was that which he or she had handled.

The defendant specifically indicates four alleged errors in the chain of custody: (1) that certain persons who served as links could not at trial identify the exhibit, (2) that Mrs. Hancock took the exhibit home overnight in her purse, (3) that the white envelope mentioned earlier had

only Van Pelt's name on it, and (4) that Agent Trawick's and Director Pender's testimony differed as to whether they reviewed the evidence or a list of evidence before or after Agent Trawick removed it from the vault. The chain of custody established in this case, however, meets the tests of *White v. State,* 230 Ga. 327 (4) (196 SE2d 849) and *Pittman v. State,* 110 Ga. App. 625 (1) (139 SE2d 507).

2. The defendant's next enumeration of error deals with the admission in evidence of statements made to Agent Hollifield by Van Pelt, an alleged co-conspirator. Code § 38-306 allows admission in evidence of the declarations of a co-conspirator "[a]fter the fact of conspiracy shall be proved." The state must make a prima facie showing of a conspiracy by aliunde proof. *Wall v. State,* 153 Ga. 309 (2) (112 SE 142).

The existence of a conspiracy "may be established by direct proof, or by inference, as a deduction from acts and conduct, which discloses a common design on their part to act together for the accomplishment of the unlawful purpose. In other words, the existence of a common design or purpose between two or more persons to commit an unlawful act may be shown by either direct or circumstantial evidence." *Chappell v. State,* 209 Ga. 701, 702 (75 SE2d 417). It is not necessary that the aliunde proof shall itself warrant a verdict. Slight evidence connecting the defendant with the crime will be sufficient. *Caldwell v. State,* 227 Ga. 703, 706 (182 SE2d 789). In the instant case, there is a prima facie showing of a conspiracy by aliunde proof in the form of circumstantial evidence connecting the defendant with the crime. The testimony by Agent Hollifield of the defendant's offer of sale and the approach of Mr. Van Pelt followed by Van Pelt's sale of marijuana to the agent, is sufficient to meet the standards set out above.

3. The defendant claims that error was committed in the court's failure to charge the whole of Code Ann. § 79A-811 (j) (Ga. L. 1974, pp. 221, 243; 1975, pp. 1112, 1113), which prohibits the sale of marijuana. This was not error, however, because the judge did charge, "Under Georgia law the sale of marijuana is a crime." The import of that charge is obvious and does not require the reading of a technically worded statute for clarification. See

*Alfriend v. Fox,* 124 Ga. 563 (1) (52 SE 925).

4. The defendant also contends that the trial court erred in its failure to charge the jury that the existence of a conspiracy must be proven before the statements and acts of a co-conspirator can be considered. However, since the defendant did not request such a charge at the trial, he waived his rights and can not now complain on appeal. "While present law exempts the defendant in a criminal case from the strict requirements imposed on litigants in civil cases to preserve an issue on the giving of or the failure to give instructions to the jury (Ga. L. 1968, pp. 1072, 1078; Code Ann. § 70-207) this does not relieve him from the necessity of requesting instructions, or making timely objection in the trial court on the failure to give instructions, except in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence." *Spear v. State,* 230 Ga. 74, 75 (1) (195 SE2d 397).

5. The defendant's final enumeration of error deals with the fact that the defendant's conviction was obtained through circumstantial evidence. A conviction can be based on such evidence only when the proved facts "exclude every other reasonable hypothesis save that of the guilt of the accused." Code § 38-109. The defendant suggests possibilities that Mr. Van Pelt's sale of marijuana to the agent was a total coincidence, having no connection with any acts or intentions of the defendant. However, as this court stated in *Harris v. State,* 86 Ga. App. 607 (1) (71 SE2d 861), "It is not necessary, even in criminal cases, to exclude every conjecture coming within the bounds of remote possibility, but only to exclude reasonable hypotheses and reasonable inferences." *Ivy v. State,* 220 Ga. 699 (1) (141 SE2d 541); *McKenty v. State,* 135 Ga. App. 271 (5) (217 SE2d 388).

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

SUBMITTED SEPTEMBER 20, 1976 — DECIDED
OCTOBER 5, 1976.

*Harmon & Wells, Carl A. Veline, Jr.,* for appellant.

*Stephen Pace, Jr., District Attorney,* for appellee.