## 54476. SOLOMAN v. THE STATE.

DEEN, Presiding Judge.

1. "Illegality of arrest does not of itself entitle one to acquittal or dismissal of the charges against him." *Chandler v. State,* 138 Ga. App. 128 (2) (225 SE2d 726). The jurisdiction of the court in a criminal prosecution is not affected by any illegality in the detention. *Dukes v. State,* 109 Ga. App. 825 (137 SE2d 532); *Douglas v. State,* 132 Ga. App. 694 (209 SE2d 114). This is an entirely different question from those dealing with exclusion of evidence or of a confession obtained by means of an illegal arrest.

2. The uncontroverted evidence in this case is to the effect that Mrs. Eunice Soloman was the tenant in possession of certain premises where she lived, and that she was present and consented to a search of the grounds by police officers. Mrs. Soloman was the mother of the defendant, who was under arrest at the time. During the search officers noticed a piece of disturbed ground and, on digging, discovered a pocketbook which Mrs. Soloman recognized as belonging to her, and which contained a pistol stolen during the robbery for which the defendant

was on trial. "Consent to a search will constitute a waiver of the necessity of a warrant." *Shue v. State,* 129 Ga. App. 757 (2) (201 SE2d 174). We are not dealing here with a part of the premises, such as a bedroom, which is in the sole possession of the complainant, but with grounds obviously under the control of the tenant in possession.

3. Dees, the victim of this robbery, was named in the arrest warrant, the indictment, and on the state's list of proposed witnesses. He was available for questioning and it should have come as no surprise to either the state or the defendant that his testimony included a statement that there was another eyewitness to the crime. At this point the state sought to call another police officer who had apparently conducted this branch of the investigation and the defendant requested a continuance to locate and subpoena the eyewitness. The court ruled, as to both motions, that the witnesses might of course testify if produced but that he would not halt the trial for the purpose of securing either of them. Neither was produced. There is no contention in this record that the eyewitness, if produced, would have testified any differently from the victim, who identified both the pistol as the weapon taken from him and the defendant as the person who robbed him.

"Code Ann. § 27-1403 requires only that the state furnish a list of the witnesses on whose testimony the charge against the accused is founded." *Holsey v. State,* 235 Ga. 270 (2) (219 SE2d 374). The only question before us is whether the denial of a midtrial continuance to allow an attempt to gain additional evidence was an abuse of discretion, and we find it was not. *Williams v. State,* 136 Ga. App. 283 (220 SE2d 778).

4. The remaining enumerations of error, not being supported by argument or citation of authority, are treated as abandoned.

*Judgment affirmed. Webb and Birdsong, JJ., concur.*

Submitted September 7, 1977 — Decided October 7, 1977.

*G. Keith Murphy,* for appellant.

*H. Lamar Cole, District Attorney, Alden W. Snead, Assistant District Attorney,* for appellee.