### 57199. BETHEA v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction for armed robbery. He enumerates as error the failure to grant a mistrial 1) because a witness interjected the defendant's character in evidence, 2) because of statements made by the district attorney during argument to the jury. *Held:*

1. One of the witnesses referred to the defendant as "Blood," explained as his nickname. The trial judge's corrective action in instructing the jury to disregard such statement was sufficient. There was no basis to disturb the judge's exercise of discretion in denying the motion for mistrial. *Manchester v. State,* 171 Ga. 121 (7) (155 SE 11);

*Smith v. State,* 204 Ga. 184, 188 (48 SE2d 860).

2. During the course of his summation to the jury the prosecuting attorney attempted to counter the argument made by the defendant's counsel that because of the casual and calm way the defendant acted at a time purportedly right after the crime it showed he was not guilty of any wrongful act. The prosecution stated: "The defense says that from that you can draw the conclusion that Johnny Bethea was not afraid of the law. You were here when we voir dired the Jury. The defendant was asleep. There's no doubt that you saw that. He doesn't care. How many times has he broken the law? How many times has he gotten away with it?"

At the close of the district attorney's summation, counsel for the defendant moved for a mistrial on the grounds that defendant's character had been put in issue in that prior, unconnected crimes had been attributed to him. After hearing argument outside the presence of the jury the motion was overruled. Subsequently, after the trial judge had charged the jury, on request of defendant's counsel the jury was recalled and instructed that with regard to the statement attributing past offenses to the defendant "you [are] to disregard that remark by the District Attorney, completely, in arriving at your verdict. You are not, in any manner whatsoever, to consider that statement in reaching your verdict." Counsel for defendant then informed the court that he was not withdrawing the motion for mistrial because he did not think the jury could disregard the statement. In response the trial judge stated: "I'm going to let the ruling stand."

"The matter of declaring a mistrial for improper remarks of the solicitor-general in his argument before the jury rests largely with the discretion of the trial judge, 'and unless it is apparent that a mistrial was essential to preservation of the right of fair trial, the discretion will not be interfered with.' " *Osteen v. State,* 83 Ga. App. 346, 349 (63 SE2d 416). "There are two kinds of improper statements made by counsel in the presence of the jury: (1) one that can be corrected by the action of the judge, and (2) another where the statement is so inflammatory and prejudicial that its injurious effect cannot be eradicated from the minds of the jurors." *Woodward v. State,* 197 Ga.

60, 61 (4a) (28 SE2d 480).

Code § 81-1009 requires that on objection made the trial judge shall rebuke counsel and by "all needful and proper instructions to the jury endeavor to remove the improper impression from their minds." In *Burnett v. State,* 240 Ga. 681, 686 (242 SE2d 79) the Supreme Court held "The trial judge instructed the jury to disregard whatever was testified to in the previous case and admonished the assistant district attorney not to refer to such matters again. This was sufficient to remove the argument from the jury's consideration and was a sufficient rebuke to the district attorney." Accord, *Spell v. State,* 225 Ga. 705 (3) (171 SE2d 285).

In this case the motion was not promptly made (see United States v. Ward, 481 F2d 185, 187) although it was made prior to the jury charge and the verdict. See *Dukes v. State,* 57 Ga. App. 835 (197 SE 69); *Hatcher v. State,* 176 Ga. 454, 460 (168 SE 278); *Tinnerman v. Baldwin,* 211 Ga. 532 (2) (87 SE2d 65).

The evidence shows that the defendant was acquainted with at least two prostitutes and was in their company but did not establish that he had previously broken the law or "gotten away with it" as the district attorney argued. Therefore, the argument was improper as a statement of prejudicial matter not in evidence. Since the trial judge has a wide discretion when passing upon a motion for mistrial, his action in instructing the jury to disregard might not be an abuse of his discretion if it had promptly followed the defendant's motion.

However, the instructions were only proffered after a subsequent request and then contained nothing which might be construed as an admonition to counsel or an indication that there was no evidence to warrant such a remark, further the jury was not cautioned that defendant's character was not in issue. Under these circumstances, we find the attempted corrections were insufficient and are constrained to reverse the ruling denying the motion for mistrial.

*Judgment reversed. Smith and Birdsong, JJ., concur.*

Submitted February 7, 1979 — Decided March 13, 1979.

Armed robbery. Lowndes Superior Court. Before Judge Elliott.

*Coleman & Kitchens, Wilby C. Coleman, Richard M. Cowart,* for appellant.

*H. Lamar Cole, District Attorney, Alden W. Snead, Assistant District Attorney,* for appellee.