## 59730. DELANEY v. THE STATE.

SHULMAN, Judge.

Defendant was convicted of two counts of aggravated assault and one count of aggravated battery. We affirm.

1. Notwithstanding the trial court's instructions to the jury to disregard a question posed by the prosecuting attorney (which question was not answered by the witness), appellant submits that the court's failure to rebuke counsel in the presence of the jury for the impropriety of his question was in derogation of Code Ann. § 81-1009

and reversible error. See in this regard *Moorehead v. Counts,* 130 Ga. App. 453, 455 (203 SE2d 553); *Bethea v. State,* 149 Ga. App. 312, 314 (254 SE2d 468). We find no error.

The court instructed the jury to disregard the complained of question, giving a full explanation to the jury of the reasons for its ruling. If defendant was not satisfied with the court's action in response to the improper question or remark of prosecuting counsel, it was incumbent upon him to renew his objection and motion for mistrial. His failure to do so precludes his complaint on appeal. See *Purcell v. Hill,* 220 Ga. 663 (141 SE2d 152). See also *Jones v. State,* 242 Ga. 893 (4) (252 SE2d 394). This enumeration of error is therefore not meritorious.

2. Defendant sought to introduce into evidence a purported copy of the hospital report or record of a defense witness to support her testimony that she had been attacked and injured by the alleged victims of the crimes with which defendant was charged. The trial judge initially reserved ruling on the admissibility of the document which was, at that time, neither read to nor examined by the jury, but which was used as the basis for both the examination and cross examination of the defense witness. The trial court subsequently sustained the state's objection to the admissibility of the copied document on the grounds that the purported copy of the report was not the "best evidence" in compliance with Code Ann. § 38-203. Since the witness for the defense testified that she could have obtained the original record and since defense counsel proffered no explanation for his failure to obtain the original evidence, the court did not err in refusing to admit the copy of the document into evidence. Compare *Everitt v. Harris,* 67 Ga. App. 64, 70 (19 SE2d 545), where a proper foundation was laid.

Nor does the fact that counsel for the state cross examined the witness concerning the report constitute a waiver of his objection to its admission. " 'If, on direct examination of a witness, objection is made to the admissibility of evidence, neither cross examination of the witness on the same subject-matter nor the introduction of evidence on the same subject matter shall constitute a waiver of the objection made on direct examination.' Code Ann. § 38-1713." *Shue v. State,* 129 Ga. App. 757, 759 (201 SE2d 174).

3. Defendant complains of the admission into evidence of a state exhibit (a copy of a warrant sworn out by a witness for the defense against the purported victims) on the basis of the state's alleged noncompliance with the best evidence rule. Appellant argues that the state's failure to account for or produce the original document rendered the admission of the copy error.

In view of the fact that the state cross examined the witness

concerning the contents of the warrant before the document itself was admitted into evidence and that that questioning was *unobjected* to by defendant, any error in the admission of the document, merely repetitive of testimony presented at trial, was harmless. Compare *Cain v. State,* 113 Ga. App. 477 (2) (148 SE2d 508). See also *Williams v. State,* 144 Ga. App. 130 (2) (240 SE2d 890).

4. We similarly find no merit to apellant's assertions of error on the general grounds. In view of the testimony of the three victims identifying defendant as the perpetrator of the offenses charged, along with circumstantial inculpatory evidence, we conclude that a rational trier of fact could reasonably have found defendant guilty beyond a reasonable doubt of the crimes charged. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Jones v. State,* 150 Ga. App. 645 (1) (258 SE2d 297).

Finding no error, the judgment of the trial court is affirmed. *Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

SUBMITTED APRIL 9, 1980 — DECIDED JUNE 2, 1980.

*Sharon A. Shade,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Assistant District Attorneys,* for appellee.