## 37090. LEE v. THE STATE.

JORDAN, Chief Justice.

James M. Lee, appellant, was convicted of the murder of his wife, Emily Lee, and sentenced to life imprisonment. He appeals. We affirm.

1. The appellant argues that the trial court erroneously admitted into evidence, over a hearsay objection, the following testimony of his wife's daughter by a former marriage: "Q. [D]id you have . . . a conversation with [your mother] between the hours of six and eight o'clock that night? A. Yes, she called me and she was very upset."

Even if the daughter's testimony were hearsay, we hold it highly probable that the error was harmless because the appellant also testified that his wife was upset the night of her death. See *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869) (1976).

2. The appellant argues that the trial court erred in admitting into evidence four inflammatory photographs of the victim's body because said photographs were cumulative of two other photographs of the victim's body which had already been received into evidence.

The four photographs "were relevant to the issues in the case . . . and the fact that they were somewhat repetitive . . . will not alone rule them out. The trial court did not err in admitting these

photographs." *Mooney v. State,* 243 Ga. 373, 394 (254 SE2d 337) (1979).

3. The appellant argues that the trial court erred in instructing the jury to disregard the statement of the appellant's attorney, during final argument, that, the state had recommended, at the appellant's preliminary hearing, "that the murder charges not be brought."

The statement of the appellant's attorney was an assertion of fact, and the record establishes that no evidence of said fact had been introduced at trial.

The present enumeration of error is without merit. *Taylor v. State,* 121 Ga. 348, 354 (49 SE 303) (1904).

4. The appellant argues that the trial court erred because the trial court's charge failed to expressly instruct the jury that malice is an essential element of the crime of murder.

The trial court charged the jury that "a person commits murder when he unlawfully *and with malice aforethought,* either express or implied, causes the death of another human being."

This enumeration of error is without merit.

5. The appellant argues that the trial court erred by not instructing the jury that, in determining whether the appellant was guilty beyond a reasonable doubt, the jury should consider only those items of circumstantial evidence which are proved.

The trial court charged the jury that "Circumstantial evidence is that which tends to establish the issue by *proof* of various facts and circumstances sustaining by their consistency the hypothesis claimed. Before you would be authorized to convict this defendant on circumstantial evidence alone, the *proven* facts must not be only consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis, save that of the guilt of the accused."

This enumeration of error is without merit.

6. The appellant argues that the trial court erred in denying his motion for a directed verdict of not guilty.

A trial court must grant a motion for directed verdict unless, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

The appellant admitted that he shot and killed his wife with a shotgun on the evening of February 17, 1979; he contended, however, that the shotgun had accidentally fired while he was cleaning the gun.

Regarding the issue of accidental versus intentional firing, the evidence authorized the jury to find the following facts:

The appellant and his wife had experienced marital difficulties, and the appellant had almost thrown his wife out of their home

because of her constant threats of divorce. On the evening of Feb. 17, 1979, the appellant had drunk five or six beers and had taken one five-milligram tablet of valium.

During a 31-year period, the appellant had owned over 300 guns, and, at one time, had worked in a pawn shop buying, selling (and evaluating) guns.

Although the standard procedure for cleaning a shotgun includes removal of the shotgun's barrel, and, although removal of the barrel of the appellant's shotgun was easily accomplished, the appellant did not remove the barrel on the evening of Feb. 17. Also, although the appellant knew the shotgun held five shots, he removed only four prior to allegedly commencing to clean the shotgun.

Finally, the single shot which killed the appellant's wife resulted, not from a mechanical malfunction, but from the application of five pounds of pressure upon the shotgun's trigger.

We hold that the above evidence authorized a rational trier of fact to find, beyond a reasonable doubt, that the firing of the shotgun was an intentional act.

7. The appellant notes that the trial court charged the jury the following:

"There can be no murder under the laws of this state without malice, either express or implied. The law presumes it to be malice until the contrary appears and from circumstances of alleviation or excuse, or justification, and under the laws, it is incumbent upon the defendant to make out such circumstances satisfactorily to the jury unless they appear from the evidence offered against the defendant.

"Ladies and Gentlemen, while it is true that the law presumes malice when a homicide has been shown, yet that presumption of malice may be rebutted by the defendant from evidence offered by him or from evidence offered by the state or from both." The appellant argues that said charge was error because the jury could have interpreted the charge as shifting the burden of persuasion regarding malice to the appellant.

We note that the trial court also charged the jury the following:

"[A] person commits murder when he unlawfully and with malice aforethought, either express or implied, causes the death of another human being"; "[I]t is the duty of the state to prove each and every one of the material allegations of, in the indictment of the defendant, sufficient to convince your mind beyond a reasonable doubt of the guilt of the accused"; and "a person will not be presumed to act with criminal intention but the trier of facts may find such intention upon consideration of the words, demeanor, motive and all other circumstances connected with the act for which the accused is prosecuted."

"Viewing the charge as a whole, the jury could not have understood that the nonconclusive presumption was a means by which proof beyond a reasonable doubt as to [malice] could be satisfied...." *Lackey v. State,* 246 Ga. 331, 339 (271 SE2d 478) (1980); accord, *Pulliam v. Balkcom,* 245 Ga. 99, 101 (263 SE2d 123 (1980).

*Judgment affirmed. All the Justices concur, except Hill, P. J., who dissents to Division 7.*

DECIDED APRIL 8, 1981.

*Joseph P. MacNabb,* for appellant.

*William F. Lee, District Attorney, Arthur K. Bolton, Attorney General, Charles E. Brown, Staff Assistant Attorney General,* for appellee.