67468. HOUSE et al. v. THE STATE.

SOGNIER, Judge.

Nikkita House was convicted of six counts of cruelty to a child and her husband, Arnold House, was convicted of one count of cruelty to a child by wilfully depriving it of sustenance. Appellants appeal (1) on the general grounds. They also contend the trial court erred (2) by denying their motion for funds to obtain an investigator and their motion for a continuance; (3) by admitting certain photographs into evidence; (4) by allowing a medical expert to testify as to the etiology (cause) of fractures; and (5) by disallowing opinion testimony of appellant's expert witnesses on malice and intent. Arnold House also contends the trial court erred (6) by denying his motion for a directed verdict of acquittal as to Count 1. Appellant Nikkita House contends, additionally, that the trial court erred (7) by ruling that her confession was voluntary and admissible; and (8) by denying her motion for a directed verdict of acquittal.

On the evening of January 23, 1982 appellants took their three-month-old baby to the emergency room of Memorial Hospital in Savannah, because the baby was having difficulty breathing. On examination and as a result of X-rays it was discovered the baby had severe injuries, including human bite marks, a broken (split) upper lip; and a broken shoulder blade, broken ribs and a fracture of the upper left arm. Further examination revealed cataracts of both eyes and a detached retina, caused by a heavy blow, and that the baby was grossly undernourished.

Nikkita House made a statement to the police and told them the baby had split its lip when she fell off the bed. Nikkita also stated that she sometimes played with the baby by picking it up by its arms,

and might have been a little rough; that she scratched the baby while giving it a bath; that she sometimes spanked the baby harder than she should; that she sometimes dropped the baby into its crib when Nikkita was angry; that she had bitten the baby; and that she had fallen on the baby while carrying her when her (Nikkita's) knees collapsed.

Medical experts testified that the split lip could not be caused by a fall from a bed onto a carpeted floor; that the fractures could not be caused by a fall, or normal playing with a baby; that the baby was undernourished; that the eye injuries could only be caused by a heavy blow; and the bite marks were caused by human teeth.

Arnold House denied mistreating the baby and denied knowing the baby was not getting enough to eat. Nikkita House acknowledged certain acts amounting to cruelty to children, but denied hurting the baby maliciously or intentionally.

1. Appellants contend that they did not intentionally harm their baby and, therefore, there was no evidence to show criminal intent or malice. However, these are questions for resolution by the jury, *Sheffield v. State*, 241 Ga. 245, 246-247 (2) (244 SE2d 869) (1978), and we find the evidence sufficient to meet the standards of proof required by Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

For the same reasons stated above, it was not error to deny appellants' motions for directed verdicts of acquittal. *Sheffield*, supra, at 247; *Brewer v. State*, 156 Ga. App. 468 (1) (274 SE2d 817) (1980); *Lee v. State*, 247 Ga. 411, 412 (6) (276 SE2d 590) (1981).

2. Appellants contend the trial court erred by denying their motion to have the state provide funds to retain expert witnesses for the defense, and by denying their motion for a continuance. Appellants requested funds for a physician who was a child abuse expert and for a psychiatrist; if allowed the funds, appellants moved for a continuance to prepare the witnesses and schedule them to appear in court.

The rule in Georgia is that the granting or denial of a motion for appointment of expert witnesses is within the sound discretion of the trial court, and where there has been no abuse of discretion, the ruling will be upheld. *Jackson v. State*, 249 Ga. 751, 755 (3) (295 SE2d 53) (1982). Appellants have not shown how they were harmed by denial of the services of independent experts. The qualifications of the state's expert witnesses were not challenged (with one exception discussed later), nor was there any allegation of bias on the part of such experts. Under such circumstances we find no abuse of discretion in denying appellants' request for funds to obtain experts. *Jackson*, supra, at 755-756; *Cunningham v. State*, 248 Ga. 558, 560 (4) (284 SE2d 390) (1981). As the request for a continuance was contingent upon the receipt of funds to obtain expert witnesses, it was not error to deny the motion for a continuance.

3. Appellants next contend it was error to allow photographs showing the baby's injuries into evidence. This contention was decided adversely to appellants in *Jones v. State,* 249 Ga. 605, 608 (2a) (293 SE2d 708) (1982).

4. Appellants contend that because Dr. Tom McKee, a pediatrician, was not qualified in orthopedics, he was not qualified to testify about the cause of the fractures. Appellants did not object at trial to Dr. McKee's lack of qualifications as a specialist in orthopedics; rather, they objected on the ground that he had no special training as a child abuse expert. In this regard, Dr. McKee testified that although there is no medical specialty in child abuse, it is a part of every pediatric residency program to have exposure and training in the diagnosis and treatment of child abuse cases. Dr. McKee had been involved in several dozen child abuse cases as a physician, and had testified six times previously in court as a child abuse expert. He also testified he had training in reading X-rays and could recognize broken bones on X-rays.

It is a matter within the sound discretion of the trial judge as to whether a witness has such learning and experience in a particular profession as to entitle him to be deemed prima facie an expert. *Redd v. State,* 240 Ga. 753, 755 (2) (243 SE2d 16) (1978). In the absence of abuse, such discretion will not be disturbed. *Dennis v. State,* 158 Ga. App. 142, 143 (3) (279 SE2d 275) (1981). We find no abuse of discretion in the instant case.

5. Appellants contend it was error to disallow testimony of appellants' expert witnesses as to malice and intent. Although appellants do not refer us to the record or the witnesses referred to in this enumeration, the defense psychiatrist was allowed to testify that Nikkita House's abuse of her child was not a preconceived, well thought-out, deliberate plan of action. Thus, the enumeration of error is not supported by the transcript.

6. Appellant Nikkita House contends it was error to rule that her confession was voluntary and admissible.

Prior to questioning Nikkita House was advised fully of her Miranda rights (Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)). Appellant indicated that she understood her rights, she did not request an attorney and specifically waived the presence of an attorney; she signed a waiver of rights form; she was not offered any hope of benefit or fear of injury; and she was not coerced in any way to obtain her confession. Nikkita House testified on this issue that she wanted to answer the detective's questions; that she understood her Miranda rights; that she understood she could have an attorney; and that no threats were used to obtain the statement. It is clear from the evidence presented at the suppression hearing that Nikkita House's confession was completely voluntary. Factual and credibility determi-

nations as to voluntariness made at a suppression hearing must be accepted by appellate courts unless such determinations are clearly erroneous. *Daniel v. State*, 150 Ga. App. 798, 801 (2) (258 SE2d 604) (1979). It is abundantly clear that the trial court's ruling as to voluntariness was not erroneous; hence, it was not error to admit the confession into evidence.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 29, 1984.

*Lester B. Johnson, III,* for appellants.
*Spencer Lawton, Jr., District Attorney, James B. Ashby, David T. Lock, Assistant District Attorneys,* for appellee.