67724. REID v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of two armed robberies and appeals (1) on the general grounds. He also contends the trial court erred (2) by denying his motion for a directed verdict of acquittal; (3) by denying his motion for a mistrial after a state witness placed appellant's character into evidence; and (4) by admitting appellant's confession into evidence.

On the night of January 12, 1982 the cashier on duty at Reklaw's Mini Market in Richmond County, Georgia was robbed at gunpoint by two men. The cashier identified appellant as one of the two men who committed the robbery, and appellant made a statement to the police admitting his participation in the robbery.

On January 18, 1982 the cashier on duty at Jolly Jim's Convenience Store in Richmond County was robbed at gunpoint by two men. The cashier identified appellant as one of the two men who committed the robbery. A witness who was getting gas at the store also identified appellant as one of two men who came out of the store just after the robbery was committed.

1. We find the evidence sufficient to support the verdict. Although appellant challenged his identification by the two cashiers and testified that he was under the influence of drugs at the time of his statement to police, the weight of the evidence and credibility of witnesses are questions for the triers of fact. *Miller v. State*, 163 Ga. App. 889, 890 (1) (296 SE2d 182) (1982). We find that a rational trier of fact could find from the evidence adduced at trial proof of appel-

lant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). It follows that it was not error to deny appellant's motion for a directed verdict of acquittal. *Lee v. State*, 247 Ga. 411, 412 (6) (276 SE2d 590) (1981).

2. On redirect examination of Lorene Edge, a State witness, the prosecutor asked: "Mrs. Edge, I believe, before Mr. Jolles interrupted you a few moments ago, you were going to say something else about the day that Mr. [sic] Reid came out to talk with you. Is there anything else you would like to add to that part of your testimony?" In response, she stated: "Mrs. Reid was very nice to me. She just stated that her son had been in trouble before." Appellant moved immediately for a mistrial; the motion was denied and the trial court instructed the jury to disregard Edge's answer in its entirety. Appellant contends it was error to deny his motion for a mistrial because the State improperly placed appellant's character in issue. He argues that the State knew what Edge's response would be and intentionally placed appellant's character in issue. This contention is not supported by the transcript.

Immediately following the court's curative instructions, including a rebuke to the prosecuting attorney, he apologized to the court and stated he did not anticipate Edge's response. The answer was somewhat unresponsive, and in a similar case we held: "However, the trial court's immediate instruction to the jury to disregard the somewhat unresponsive remark . . . was sufficient to correct any harm." *Marlowe v. State*, 162 Ga. App. 37, 38 (1) (290 SE2d 136) (1982). Additionally, appellant did not renew his motion for a mistrial following the court's curative instructions, so the issue has not been preserved for appellate review. *Bankston v. State*, 159 Ga. App. 342, 343 (3) (283 SE2d 319) (1981). Hence, this enumeration of error is without merit.

3. Lastly, appellant contends it was error to admit his statement to police into evidence because he was under the influence of drugs at the time of the statement, and the detective taking the statement told appellant he could not be released on bond or make a phone call unless he made a statement.

At a Jackson-Denno hearing (*Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)) on voluntariness, Detective Ronnie Strength testified that he interviewed appellant approximately 12 hours after appellant and his companions were arrested and jailed. He advised appellant fully of his rights; appellant stated he understood his rights and did not want a lawyer. Strength testified that appellant was not under the influence of drugs or alcohol, and no threats, force or promises were made to appellant. Strength said he did not tell appellant he would have to make a statement in order to be released on bond, because Strength had no authority to set a bond.

Appellant testified that on the night of his arrest he had taken four "black beauties"; he was told that if he did not sign some papers he could not get out on bond or make a phone call; he did not know what he was signing; and any statement he made was not made voluntarily.

We find no error in admitting appellant's statement into evidence. Accepting appellant's statement that he had taken four "black beauties" the night of his arrest, nevertheless, appellant was not questioned for at least 12 hours after taking the "black beauties." Factual and credibility determinations as to voluntariness of a confession are normally made by a trial judge at a suppression hearing and must be accepted by appellate courts unless such determinations are clearly erroneous. *Griswold v. State*, 159 Ga. App. 22, 23 (2) (282 SE2d 679) (1981). We find nothing erroneous in the trial court's determination that appellant's confession was made freely and voluntarily. Accordingly, it was not error to admit appellant's confession into evidence.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur specially.*

DECIDED MAY 22, 1984 —

*Evita A. Paschall*, for appellant.

*Sam B. Sibley, Jr., District Attorney, George N. Guest, Charles R. Sheppard, Assistant District Attorneys*, for appellee.

DEEN, Presiding Judge, concurring specially.

While agreeing with Divisions 2 and 3 of the majority opinion, I have reservations as to the 1st Division.

The majority opinion relies upon *Lee v. State*, 247 Ga. 411, 412 (6) (276 SE2d 590) (1981), which is consistent with what is held in the majority opinion of our recent whole court case of *Maddox v. State* 170 Ga. App. 498 (317 SE2d 617) (1984). The *Lee* case, however, appears to be inconsistent with later expressions of the Georgia Supreme Court. "This court has consistently held that a motion for directed verdict in a criminal trial should only be granted where there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law. *Zuber v. State*, 248 Ga. 314 (3) (282 SE2d 900) (1981). As there was a conflict in the evidence at trial, the trial court did not err in denying appellant's motion for a directed verdict of acquittal." *Taylor v. State*, 252 Ga. 125, 127 (312 SE2d 311) (1984). Compare my special concurrence in *Maddox*, supra, where I outlined four slightly differing combinations of standards for review of the denial of a motion for a directed verdict of acquittal used on occasion by both our court and the Supreme Court. The standard in *Taylor* ap-

pears to be more consistent with the statute than that suggested in *Lee*.

I am authorized to state that Chief Judge McMurray joins in this special concurrence.