## 70137. TRUITT v. THE STATE.
### (331 SE2d 64)

DEEN, Presiding Judge.

The appellant, Richard Truitt, was convicted of burglary, for which he received a sentence of 3 years' imprisonment followed by 9 years' probation. The record shows that on the morning of December 20, 1981, after a night of heavy drinking, Truitt and Charles Worthy purchased some more beer and drove around for a while in Truitt's car. The twosome eventually turned off the main highway onto a dirt road, on which only a few homes were situated. They pulled into the driveway to the mobile home of Arthur Ranger and his wife, whom

Truitt knew to be out of town for an extended period of time.

Truitt's sister, Gail Hunsucker, who resided on that same dirt road and who had been asked by the Rangers to check on their mobile home during their absence, was deer hunting nearby, heard the sound of Truitt's car and investigated. She found Charles Worthy inside the mobile home and then observed her brother outside the trailer. She demanded that both men leave, and Truitt and Worthy departed without taking any property. Truitt's sister was allowed to testify over objection that Worthy had offered to share the proceeds of whatever they took if she would remain silent about the matter. The sister's testimony, as well as that of Mrs. Ranger, also indicated that the mobile home had been unlawfully entered during the Rangers' absence prior to this incident.

Truitt's sister related the incident to police officers, who later that day arrested both Truitt and Worthy at Worthy's apartment. Truitt was placed in a holding cell for 2 to 3 hours before being advised of his *Miranda* rights and interrogated. During the interrogation, Truitt admitted that he and Worthy had gone to the Rangers' residence to burglarize it, but emphasized that they had not taken anything. Both officers who interrogated Truitt did not consider him to be intoxicated at the time.

Truitt testified that he had driven onto the Rangers' lot solely to drink beer in private and to avoid being stopped for driving under the influence. He denied discussing or planning with Worthy to burglarize the premises. He did, however, acknowledge that he had admitted otherwise during the interrogation.

On appeal, Truitt contends that the trial court erred in admitting into evidence his incriminating statement, on the grounds that it was not voluntary; that the trial court erred in allowing Truitt's sister to recount Worthy's offer to share any illicit proceeds; that the trial court erred in not declaring a mistrial because of an improper comment by the prosecution during closing argument; and that the trial court erred in failing to direct a verdict of acquittal. *Held*:

1. Following a *Jackson-Denno* hearing, the trial court held that considering the totality of the circumstances, Truitt's incriminating statement made during the interrogation was completely voluntary. Factual and credibility determinations as to voluntariness, unless clearly erroneous, made at a suppression hearing, must be accepted by appellate courts. *Reid v. State*, 171 Ga. App. 52 (318 SE2d 782) (1984); *House v. State*, 170 Ga. App. 53 (316 SE2d 36) (1984). In the instant case, the trial court's determination of voluntariness certainly was not clearly erroneous, and admission of Truitt's statement into evidence was proper.

2. OCGA § 24-3-5 provides that "[a]fter the fact of conspiracy is proved, the declarations by any one of the conspirators during the

pendency of the criminal project shall be admissible against all." Conspiracy, of course, may be proved by circumstantial as well as direct evidence. *Park v. State*, 224 Ga. 467 (162 SE2d 359) (1968); *Weatherington v. State*, 139 Ga. App. 795 (229 SE2d 676) (1976). In this case, Truitt's incriminating statement admitting that he and Worthy had gone to the Rangers' residence to burglarize it, along with the testimony of Truitt's sister about the unauthorized presence of Truitt and Worthy on the Rangers' property, both of which were adduced before the admission of Worthy's declaration, established a prima facie case of conspiracy. Worthy's offer to share the illicit proceeds with Truitt's sister if she would keep silent about the matter obviously was made during the pendency of the criminal project. Cf. *Fortner v. State*, 248 Ga. 107 (281 SE2d 533) (1981). Accordingly, the trial court properly admitted the testimony of Truitt's sister recounting Worthy's declaration.

3. During closing argument, the prosecutor suggested that the jury could excuse Truitt "because the evidence is that the trailer had been broken into before, it had been vandalized. There had been other people down there, maybe it was him, maybe it was Charles Worthy, maybe this wasn't the first time they had been down there. They were caught this time, caught by his own sister." The appellant contends that the trial court should have declared a mistrial because the prosecutor's comment improperly placed Truitt's character in issue by attributing to him prior unconnected crimes. See *Bethea v. State*, 149 Ga. App. 312 (254 SE2d 468) (1979).

During closing argument, however, the prosecutor may draw conclusions or deductions from the evidence which may even be illogical, unreasonable, or absurd. *Griffin v. State*, 170 Ga. App. 287, 292 (316 SE2d 797) (1984); *Thomas v. State*, 169 Ga. App. 119, 121 (312 SE2d 373) (1983). The only portion of the prosecutor's comment not directly supported by the evidence was the suggestion that maybe Truitt or Worthy had been at the Rangers' mobile home previously. The prosecutor did not actually accuse Truitt of having committed any prior crimes against the Rangers' property, and, in any event, the prior vandalism of that property could not be exclusively categorized as "unconnected." The prosecutor's comment in this case did not warrant grant of a mistrial.

4. The evidence adduced at trial was sufficient to enable any rational trier of fact to find Truitt guilty of burglary beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Maddox v. State*, 170 Ga. App. 498 (317 SE2d 617) (1984). Accordingly, the trial court properly refused to direct a verdict of acquittal.

*Judgment affirmed. Banke, C. J., Birdsong, P. J., Sognier, Pope,*

*and Benham, JJ., concur. McMurray, P. J., Carley and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

I beg to differ with the majority regarding only Division 3. The district attorney's argument clearly sought to have the jury believe that defendant had been at the Rangers' trailer for an illegal purpose on some previous occasion but "they were caught this time. . . ." There was no evidence to support such prejudicial remarks. The sister testified that she had reported earlier burglaries or break-ins and that she had seen "a new LTD" on the premises around the time a lawnmower was taken, but she did not know what model her brother's light blue Ford was, nor did she make any connection whatsoever between the defendant and the earlier criminal activities. Although defendant testified on direct examination that he had lived in the neighborhood and that he had been over to the trailer a couple of times when the Rangers were at home, he said he had never been there when they were gone. With this, there was not even a scant basis for the argument, and the court's oblique statement did not erase it. I fail to see that this squares with *Bethea v. State,* 149 Ga. App. 312 (2) (254 SE2d 468) (1979) and *Smith v. State,* 118 Ga. App. 464 (1) (164 SE2d 238) (1968).

I am authorized to state that Judge Carley joins in this dissent.

DECIDED MAY 1, 1985.

*Thomas M. Witcher,* for appellant.
*W. A. Foster III,* District Attorney, *Donald N. Wilson, Penny J. Udolf,* Assistant District Attorneys, for appellee.