## A90A1920. GATSON v. THE STATE.
### (401 SE2d 71)

CARLEY, Judge.

Appellant was tried before a jury and found guilty of cruelty to her 22-month-old child in violation of OCGA § 16-5-70 (b). She appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

1. The record shows that the victim had second-degree burns which, in the expert medical opinion of her attending physician, demonstrated that she had been dipped into hot water. Appellant gave two conflicting stories as to how the victim had received these burns. The physician testified that neither version was consistent

with the victim's injuries. We hold that "there is sufficient probative evidence to enable any rational trier of fact to find [appellant guilty] of [cruelty to a child] beyond a reasonable doubt. [Cit.]" *Howell v. State*, 180 Ga. App. 749, 750 (1) (350 SE2d 473) (1986). See also *House v. State*, 170 Ga. App. 53, 54 (1) (316 SE2d 36) (1984).

2. The trial court's admission into evidence of a statement given by appellant to the investigating officer is enumerated as error.

Following a *Jackson-Denno* hearing, the trial court found that the statement had been voluntarily made by appellant. This determination is supported by the evidence presented at the hearing. "In the absence of any evidence that the finding in said hearing that the statement was voluntary was clearly erroneous, we will not look behind the finding of the trial judge. [Cits.]" *Anderson v. State*, 258 Ga. 70, 72 (7) (365 SE2d 421) (1988). See also *Truitt v. State*, 174 Ga. App. 687, 688 (1) (331 SE2d 64) (1985); *House v. State*, supra at 55-56 (6).

3. The admission into evidence of photographs of the victim, showing her injuries, is enumerated as error.

The photographs were admitted over an objection that the investigating officer, who authenticated them, had not been present when they were taken. There was no merit to this objection and such other objections to the admission of the photographs as are raised for the first time on appeal have been waived and will not be considered. *Williams v. State*, 255 Ga. 97, 100 (4) (335 SE2d 553) (1985).

4. An enumeration of error wherein appellant urges that she was, in effect, denied her right to move for a directed verdict of acquittal is totally without merit. The record shows that the State made a clear statement that it was resting its case and that, at no point thereafter, was a motion for a directed verdict of acquittal made. Moreover, even if a motion for a directed verdict had been made, it would not have been error to overrule it for the reasons discussed in Division 1.

5. In connection with several of her enumerations of error, appellant argues in her brief the ineffectiveness of her trial counsel. However, the ineffectiveness of her trial counsel is *not* enumerated as error and need not be addressed. Moreover, the record shows that appellant "filed an amended motion for new trial on [May 17, 1990], through new counsel who represents [her] in this appeal. Since [she] has new counsel who did not raise ineffective assistance at the time of the amended motion for new trial, the issue is deemed waived." *Porter v. State*, 258 Ga. 94, 96 (2) (365 SE2d 438) (1988).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 7, 1991.

*Macklyn A. Smith*, for appellant.
*Thomas C. Lawler III, District Attorney, Donald L. Johstono, Jr., Debra K. Turner, Assistant District Attorneys*, for appellee.