A94A0328. SATTERWHITE v. THE STATE.
(442 SE2d 5)

Johnson, Judge.

Wendell Satterwhite appeals from his convictions of rape, kidnapping and aggravated assault.

1. Satterwhite contends that the trial court erred in denying his motion to suppress evidence of the statement he made to the police because there is no evidence that before making the statement he voluntarily waived his rights under *Miranda v. Arizona,* 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). "The trial court's findings as to factual determinations and credibility relating to the admissibility of statements will be upheld on appeal unless they are clearly erroneous." (Citations and punctuation omitted.) *Higginbotham v. State,* 207 Ga. App. 424 (1) (428 SE2d 592) (1993). In the instant case, contrary to Satterwhite's contention, the State presented evidence at the hearing held pursuant to *Jackson v. Denno,* 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), showing that Satterwhite voluntarily waived his rights prior to making the statement. The officer who took the statement testified at the hearing that Satterwhite was informed of his *Miranda* rights, appeared to understand those rights, had an opportunity to read a form listing his rights, was read and appeared to read the waiver portion of that form, signed the form waiving his rights and then made the statement. During the trial, the State introduced into evidence the form listing the *Miranda* rights and containing Satterwhite's written waiver of those rights. Because the trial court's finding that Satterwhite voluntarily waived his rights before making his statement is supported by the State's evidence, we will not look behind it. *Gatson v. State,* 198 Ga. App. 279, 280 (2) (401 SE2d 71) (1991). The court committed no error in admitting evidence of Satterwhite's statement.

2. Satterwhite argues that the court erred in allowing two police investigators to give testimony improperly bolstering the victim's credibility. The first investigator testified that physical evidence found at the scene of the crime conformed to the victim's story. Although an expert witness may not testify as to his opinion of the victim's truthfulness, "[t]he witness may . . . express an opinion as to

whether medical or other objective evidence in the case is consistent with the victim's story." *State v. Oliver*, 188 Ga. App. 47, 50-51 (2) (372 SE2d 256) (1988). Here, the investigator did not improperly give his opinion of the victim's truthfulness, but instead merely expressed his opinion that the physical evidence was consistent with the victim's story. The trial court did not err in allowing this testimony.

The second investigator testified that the victim's pre-trial statement was consistent with her trial testimony. "Inquiry as to impermissible bolstering no longer is necessary following *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985)." (Citation and punctuation omitted.) *Riley v. State*, 181 Ga. App. 667, 670 (4) (353 SE2d 598) (1987). Moreover, "*Cuzzort* stands for the proposition that where the veracity of a witness is at issue, and that witness is present at trial, under oath, and subject to cross-examination, the prior consistent out-of-court statement of the witness is admissible." *Edwards v. State*, 255 Ga. 149, 151 (2) (335 SE2d 869) (1985). Here, the victim was cross-examined by Satterwhite on matters related to her credibility on the issues of consent and her prior statements. Because the victim's credibility was under attack, the court properly allowed the State to show that she had made prior consistent statements to investigators. *Esco v. State*, 199 Ga. App. 232, 233 (1) (404 SE2d 584) (1991); *Hayes v. State*, 189 Ga. App. 39, 40 (1) (a) (375 SE2d 114) (1988).

*Judgment affirmed. Beasley, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 22, 1994 —
RECONSIDERATION DISMISSED MARCH 23, 1994.

*Word & Flinn, Gerald P. Word, T. Michael Flinn*, for appellant.
*Peter J. Skandalakis, District Attorney, Jeffrey W. Hunt, Assistant District Attorney*, for appellee.