### A95A0349. SWINNEY v. THE STATE.
(458 SE2d 686)

McMURRAY, Presiding Judge.

Defendant was charged in two indictments for crimes stemming from separate attacks upon the same victim, a 72-year-old man. The

first attack occurred during the late evening of November 1, 1989, and forms the basis of a single-count indictment charging defendant with armed robbery. The second attack occurred late in the evening on November 14, 1989, and forms the basis of a three-count indictment charging defendant with burglary, armed robbery and theft by taking a motor vehicle. Defendant moved to sever the indictments when the cases were called for trial, but the trial court denied this motion and the cases were jointly tried before a jury.

At trial, the elderly victim could not recall who attacked him on November 1, 1989, but he identified defendant as the perpetrator of the November 14, 1989, attack. Defendant did not dispute the victim's testimony. In fact, he admitted going to the victim's home on both occasions with accomplices, but explained that he was too drunk to remember either incident. The accomplices, however, testified that defendant was a party to acts which constitute the crimes charged in the indictments. Specifically, the first accomplice testified that he went with defendant to the victim's home on November 1, 1989, and that defendant attacked the victim, beat him with a tire iron and took the victim's wallet. The other accomplice testified that he and defendant went to the victim's home on November 14, 1989, after musing about defendant's success in robbing the victim on November 1, 1989, forced their way into the victim's trailer and fled after beating the victim and taking various items of personal property. This accomplice explained that he escaped in defendant's car while defendant fled in the victim's pickup truck.

The jury found defendant guilty on all counts of the indictments, and the trial court entered a judgment of conviction and sentence for each offense. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant contends the trial court erred in failing to direct verdicts of acquittal as to all counts of the indictments, arguing that the victim's testimony is incomplete, inconsistent and unreliable. We decline to address this argument as it is not the function of this court to judge witness credibility or weigh the evidence. The credit to be given the testimony of any witness is for the jury to determine under proper instructions from the court. *Welch v. State*, 207 Ga. App. 27 (2) (427 SE2d 22). Defendant, however, also argues that the evidence is insufficient to corroborate the accomplices' testimony that he committed acts which constitute the crimes charged.

Slight evidence from an extraneous source identifying the accused as a participant in the criminal act is all that is necessary to corroborate the testimony of an accomplice. *Earl v. State*, 214 Ga. App. 891 (1) (449 SE2d 361). In the case sub judice, the victim identified defendant as the perpetrator of the assault on November 14, 1989, and defendant admitted that he went to the victim's home with

an accomplice on November 1, 1989. This evidence is sufficient to corroborate the accomplices' testimony that defendant committed the specific acts which constitute the crimes charged. The evidence is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of committing or being a party to each and every offense charged in the indictments. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hildebrand v. State*, 209 Ga. App. 507, 511 (4) (433 SE2d 443). The trial court did not err in failing to direct verdicts of acquittal as to any count of the indictments.

2. In his second enumeration, defendant contends the charges relating to the two separate assaults were improperly joined and that the trial court erred in denying his motion for severance.

Offenses stemming from separate criminal incidents may be joined for trial if they are based on a series of acts that are connected or part of a single scheme or plan. *Dingler v. State*, 233 Ga. 462, 463 (211 SE2d 752). "Only when the offenses have been joined solely because they are of the same or similar character shall the accused have a right to severance of the offenses. *Dingler*, supra; *Davis v. State*, 159 Ga. App. 356 (1) (283 SE2d 286) (1981)." (Emphasis omitted.) *Jordan v. State*, 172 Ga. App. 496 (1) (323 SE2d 657).

In the case sub judice, the separate assaults at the victim's home were not just similar in character. There is evidence that defendant went to the victim's home on November 14, 1989, because of the success of his attack upon the victim on November 1, 1989. Under these circumstances, we find no abuse of discretion in the denial of defendant's motion to sever. " 'It is not an abuse of that discretion in the interest of justice and economy for the judge to refuse a motion for severance of the trial of multiple charges where the crimes alleged were part of a continuous transaction or series of similar transactions conducted over a relatively short time, and from the nature of the entire transaction, it would be difficult to present to a jury evidence of one of the crimes without also referring or permitting evidence of the others. (Cit.) . . .' *Gilbert v. State*, 163 Ga. App. 688, 690 (295 SE2d 173) (1982). Accord *Jones v. State*, 168 Ga. App. 652 (1) (310 SE2d 17) (1983)." *Jordan v. State*, 172 Ga. App. 496 (1), 497, supra.

3. Defendant contends the trial court erred in allowing evidence of incriminating admissions he made while in police custody, arguing that he did not voluntarily submit to police questioning because the interrogating law enforcement officer informed him that "his girlfriend . . . would be arrested if he did not tell what happened."

" 'The trial court's findings as to factual determinations and credibility relating to the admissibility of statements will be upheld on appeal unless they are clearly erroneous.' (Citations and punctuation omitted.) *Higginbotham v. State*, 207 Ga. App. 424 (1) (428 SE2d 592) (1993)." *Satterwhite v. State*, 212 Ga. App. 543 (1) (442 SE2d 5).

Contrary to defendant's contention in the case sub judice, the interrogating officer testified at the hearing conducted pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908), that he did not threaten to arrest defendant's girl friend if defendant did not make a statement. In fact, this officer gave a detailed account of the circumstances leading to defendant's custodial admissions, testifying that defendant was never threatened or coerced in any way; that defendant was advised of his rights pursuant to *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694); that defendant stated that he was not under the influence of drugs or alcohol; that defendant did not appear to be under the influence of drugs or alcohol; that defendant indicated he could read and write; that defendant carefully examined a form listing his *Miranda* rights; that defendant indicated that he understood those rights and that defendant signed a form waiving his rights before submitting to custodial interrogation. Under these circumstances, we find no basis for defendant's assertion that the trial court erred in admitting evidence of incriminating admissions he made while in police custody. See *Gatson v. State*, 198 Ga. App. 279, 280 (2) (401 SE2d 71).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED JUNE 22, 1995.

*Bruce & Hentz, W. Davis Hentz*, for appellant.
*Ralph L. Van Pelt, Jr.*, District Attorney, *Melodie S. Bedford*, Assistant District Attorney, for appellee.