62204. HAYNES v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was convicted of burglary and possession of a firearm by a convicted felon. He appeals the trial court's denial of his motion to suppress the evidence, contending that the evidence was not obtained by a search pursuant to a lawful arrest.

Around 1:00 a.m. on October 2, 1980, the Valdosta Police Department received a report "that there was a black male walking down on South Ashley Street carrying a shotgun about Mitchell's." Ashley Street is one of the main thoroughfares of Valdosta and has a number of dining and fast food facilities along its route. Mitchell's Barbeque, referred to above, is a fast food restaurant located along Ashley Street in the predominantly black section of town. The area behind Mitchell's had been the scene of several beatings and robberies in the recent past. After closing, Mitchell's often continues to sell sandwiches from a carry-out window at the rear of the building, as was the case on the night in question.

Patrolman J. C. Williams answered the call and upon his arrival at Mitchell's he found five or six people, including four black men, gathered around the rear take-out window. A shotgun was leaning against the wall of the eatery and Williams noticed that a string he knew to be used by area stores to attach price tags to merchandise was dangling from the gun. Williams picked up the gun and asked the four men if it belonged to any one of them. When they all denied ownership, Williams asked to see their identification. Appellant and one other man were unable to produce satisfactory I.D. At this point, Williams testified, he saw a black handle protruding from appellant's rear pocket. When another officer pulled the object from appellant's pocket and discovered it was a knife (the possession of which violated a city ordinance), the officers arrested appellant. A "pat-down" search revealed several more knives on the appellant's person. It was subsequently learned that the knives had been stolen from Southern Salvage, a general merchandise store located on South Ashley Street.

1. Appellant contends that the knives were obtained from him as the result of an illegal arrest and search, arguing that he was

arrested upon a mere suspicion. Citing *Childers v. State,* 130 Ga. App. 555 (203 SE2d 874), the state contends that appellant has waived his right to appeal the denial of his motion to suppress. That argument is based on appellant's failure to object at trial to the admission of the evidence he had sought to suppress.

In *Kilgore v. State,* 247 Ga. 70 (274 SE2d 332), the Supreme Court narrowed the effect of our ruling in *Childers,* holding that failure to object to the evidence at trial did not amount to a waiver of appellate review of the denial of the motion to suppress unless the motion had not been ruled on below or there had been an affirmative and specific waiver by the defendant at trial. "The trial court had been apprised of the possible error in admitting the evidence and has made its ruling, and the record has been perfected for appeal purposes." *Kilgore,* supra, p. 70. Appellant's motion to suppress was denied and he did not affirmatively and specifically waive the grounds on which he opposed the use of the evidence. He has not, therefore, waived his right to appeal the denial of his motion to suppress.

2. In the landmark case of Terry v. Ohio, 392 U.S. 1 (88 SC 1868, 20 LE2d 889), the U.S. Supreme Court recognized that police officers are often faced with precarious situations. Chief Justice Warren wrote: "[W]here a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous . . ., he is entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him." Id., p. 30. "What is demanded of the police officer, as the agent of the state, is a founded suspicion, some necessary basis from which the court can determine that the detention was not arbitrary or harassing. [Cit.]" *Brisbane v. State,* 233 Ga. 339, 341 (211 SE2d 294).

In the case at bar, Officer Williams had been alerted that a black man was walking an urban Valdosta street carrying a shotgun. He confronted the four males in an area that was known to have been the scene of criminal activity in the recent past. The shotgun was leaning against the building, making it probable that one of the men was the one who had been spotted carrying the gun. We believe that Officer Williams, after seeing the suspicious object in appellant's pocket, was authorized to take the knife from appellant in order to insure his safety and the safety of the others who were present. The subsequent pat-down which uncovered the remaining weapons was certainly warranted for the same reason. Therefore, the denial of the appellant's motion to suppress was not in error.

The protection of individual rights is the cornerstone of the judicial system in the United States. However, we should be cautious not to construe our statutes and constitution *so* strictly as to totally undermine the efforts of our state's law enforcement officials. We must leave these officers room to effectively perform their duties. This can be accomplished without compromising any of the individual rights the courts of this state are committed to uphold.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED SEPTEMBER 18, 1981.

*Gary M. Wisenbaker,* for appellant.

*H. Lamar Cole, District Attorney, Richard W. Shelton, Assistant District Attorney,* for appellee.