## 62651. THE STATE v. DUBOSE.

SOGNIER, Judge.
The police, while looking for a suspect in a murder that occurred 24 hours earlier, saw a group of men at a bus stop where the murder had occurred; they appeared to be gambling, and were drinking beer

and wine. The police asked the men for their identification; Dubose and one other man had no identification, although Dubose gave the police officers his name. The police conducted a "pat down" search for weapons. As an officer was patting down Dubose, he said "I have a nickel bag in my [coat] pocket" and started to reach in his pocket; the police officer, knowing that "a nickel bag" is common parlance among persons involved in marijuana and illegal drug activities, told Dubose he (the police officer) would get whatever was in Dubose's pocket. The police officer took a manila envelope out of Dubose's coat pocket; because the bag was of a type used for keeping drugs, and defendant had stated it was contraband material, the police officer opened it and saw what he thought was marijuana. Based on this evidence, the trial court granted Dubose's motion to suppress the evidence and the state appeals.

Appellee acknowledges that pursuant to the holding in Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889), police officers have the right to stop a person for investigation of possible criminal behavior even though there is no probable cause for arrest. Appellee also acknowledges that when a "Terry" stop of a person is made, the police may make a "pat down" search for weapons, for their own protection, when they have a reasonable apprehension they may be dealing with an armed and dangerous person. In the instant case, the police were patrolling a neighborhood where a murder had been committed 24 hours earlier, looking for a suspect. At the exact spot where the murder had occurred the police saw several individuals who appeared to be gambling, and drinking, so they stopped and asked for identification; the police also had the name of the murder suspect and were checking the identification of everyone in that particular neighborhood. The policeman testified that he conducted the pat down for his own protection, as a man had been shot and killed at the same location the night before, and "I didn't want to be the next person killed."

It is clear that the police had authority to stop and ask the group of men involved for their identification; not only were they looking for a murder suspect, but the men appeared to be engaged in suspected criminal activities. Under the holding in Terry, supra, police are authorized to stop a person for possible criminal behavior; such a situation existed in the instant case. Further, knowing that the murder victim had been shot, it was reasonable to apprehend that if one of the persons stopped was the suspect, he would be armed. The stop took place at night, and five men were present at the scene. Under such circumstances, we believe the police officer was justified in conducting a "pat down" for his own protection.

Finally, the marijuana was not found as a direct result of the pat

down; rather, Dubose volunteered the information that he had a "nickel bag" in his pocket *before* the officer had reached that specific area in his pat down of Dubose. Once Dubose told the police officer he had a nickel bag in his pocket, a crime was being committed in the policeman's presence and he had probable cause to arrest Dubose. If there was, in fact, a search, it was a search incident to arrest and the marijuana was seized lawfully. *State v. Handspike,* 240 Ga. 176 (240 SE2d 1) (1977). Hence, it was error to grant Dubose's motion to suppress the evidence.

*Judgment reversed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 18, 1982 —
REHEARING DENIED FEBRUARY 3, 1982 —

*Hinson McAuliffe, Solicitor, George Weaver, Paul C. McCommon III, Assistant Solicitors,* for appellant.
*Patrick R. Digby,* for appellee.