## 67983. VAUGHN v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of burglary. On appeal he contends the trial court erred (1) by denying his motion for a directed verdict of acquittal; (2) by refusing to let appellant introduce testimony of a confession by a third party; and (3) by denying appellant's motion for a mistrial when the trial court denied him the right to make the opening and concluding argument.

When Carol Jarvis returned home about 10:45 a.m. she heard a noise upstairs and looked out the window. She saw appellant land on the ground, jump up and run away. The police were notified and based on Jarvis' description of appellant's clothing and physical appearance, he was apprehended about a block from the Jarvis home. He was returned to the home and identified positively by Mrs. Jarvis. The Jarvis home was entered by breaking out a downstairs window; a bedroom window upstairs was open with the screen removed. Two days later Mrs. Jarvis found her jewelry in a pillowcase in a bedroom closet.

1. Appellant contends it was error to deny his motion for a directed verdict of acquittal because the State did not prove that the residence entered was "the residence of Frank Jarvis, the rightful occupant thereof," as alleged in the indictment. Appellant argues that

this was a fatal variance between the allegations and the proof. This contention has been decided adversely to appellant in an identical factual situation. *Phillips v. State*, 152 Ga. App. 671, 672 (1A) (263 SE2d 480) (1979). Thus, it was not error to deny appellant's motion for a directed verdict of acquittal on the grounds stated. We find the evidence sufficient otherwise to meet the standard of proof required by Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Thus, there was no error. *Lee v. State*, 247 Ga. 411, 412 (6) (276 SE2d 590) (1981).

2. Appellant contends the trial court erred by refusing to allow defense witnesses to testify that Donnie Scott George, a missing co-defendant, told them he (George) was the one who committed the burglary in the instant case. This enumeration of error is without merit.

Statements made by another person to the effect that he, and not the accused, was the actual perpetrator of the offense are not admissible in favor of the accused at his trial, and the same principle applies to the admission of confessions by one who was jointly indicted with the accused. *Bryant v. State*, 197 Ga. 641, 656 (9) (30 SE2d 259) (1944); *Timberlake v. State*, 246 Ga. 488, 492 (1) (271 SE2d 792) (1980). The inaccessibility of the person making the confession does not alter the rule. *Bryant,* supra at 657 (9).

3. Appellant contends it was error to deny him the right to present opening and concluding argument because the only witness called by the defense was James Scott, the witness who was not allowed to testify to Donnie George's confession, which we referred to in Division 2. Appellant argues that because Scott was not allowed to testify about George's confession, there was no evidence by the defense and appellant was entitled to the opening and concluding arguments.

Pretermitting the question of whether the minimal testimony of Scott was "evidence" within the meaning of the Code, we find no reversible error in the denial of appellant's right to present opening and concluding arguments under the circumstances of this case. The evidence demands the verdict, and where the evidence in a criminal case demands a verdict of guilty, the fact that the defendant was improperly deprived of the right to open and conclude the argument will not necessitate a new trial. *Scott v. State*, 243 Ga. 233, 235 (2) (253 SE2d 698) (1979).

*Judgment affirmed. McMurray, C. J., concurs. Deen, P. J., concurs specially.*

DECIDED JUNE 20, 1984.

*Charles L. Cash, Jr.*, for appellant.

*E. Byron Smith, District Attorney, Tommy K. Floyd, Donald J. Coffey, Assistant District Attorneys*, for appellee.

DEEN, Presiding Judge, concurring specially.

While concurring with the majority opinion, it should be added that as to Division 1 the majority is correct when relying on *Lee v. State*, 247 Ga. 411 (276 SE2d 590) (1981) and in the recent case of *Humphrey v. State*, 252 Ga. 525 (314 SE2d 436) (1984).

Yet it could be added that if relying on *Conger v. State*, 250 Ga. 867 (301 SE2d 878) (1983), *Zuber v. State*, 248 Ga. 314 (282 SE2d 900) (1981), or *Taylor v. State*, 252 Ga. 125 (312 SE2d 311) (1984), a different standard of the sufficiency of evidence would be reached; however, the result appears to be the same in this particular case. Compare *Maddox v. State*, 170 Ga. App. 498 (317 SE2d 617) (1984) and *Reid v. State*, 171 Ga. App. 52 (318 SE2d 72) (1984).