## 75978. MASHBURN v. THE STATE.
### (367 SE2d 881)

POPE, Judge.

Defendant Darryl F. Mashburn brings this appeal from his convictions and sentences for the offenses of trafficking in cocaine and carrying a concealed weapon. On appeal his sole enumeration of error challenges the trial court's denial of his motion to suppress.

The evidence adduced at trial, consisting primarily of the testimony of Officer James Goodrum, shows the following: At approximately 2:00 a.m. on July 25, 1987 Officer Goodrum observed the defendant standing in the doorway of the Taurus Lounge drinking a beer. When defendant stepped off the sidewalk into the parking lot, Officer Goodrum, who was in his patrol car, pulled alongside the defendant and informed him that he was in violation of the local open container ordinance and that he was going to issue him a citation. Officer Goodrum testified that when he started to write out the citation defendant appeared to get "real nervous." Officer Goodrum then noticed a bulge in defendant's left front pocket and asked defendant if he had a gun in his pocket. Officer Goodrum testified that at this point the defendant "got real scared, kind of nervous and he said, 'Where?'" Officer Goodrum responded, "Your left front pocket," and defendant removed a large key chain from that pocket. Officer Goodrum said he then decided, based on the defendant's nervousness and his past experience in similar situations, to get out of his car and place his arm around the defendant to prevent the defendant from fleeing the scene. Officer Goodrum then requested the defendant to have a seat in the back of the patrol car while he finished issuing his citation. Prior to placing defendant in his patrol car, however, Officer Goodrum did a pat-down search for weapons whereupon he immediately discovered "a gun or the impression of a gun" in defendant's right rear pocket. Upon identifying the object as a .32 caliber re-

volver, Officer Goodrum placed defendant under arrest for carrying a concealed weapon. He then proceeded to search defendant finding a clear plastic bag of white powder, which was subsequently identified as cocaine, in another of defendant's pockets.

Defendant argues that the officer's initial search of his person was unauthorized. We think not. " '(A) reasonable search for weapons for the protection of the police officer, (is permitted) where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.' *Terry v. Ohio*, [39 U. S. 1, 27 (88 SC 1868, 20 LE2d 889) (1968).]" *Smith v. State*, 139 Ga. App. 129, 131 (227 SE2d 911) (1976). See also *State v. Dubose*, 161 Ga. App. 144 (291 SE2d 39) (1982); *Haynes v. State*, 159 Ga. App. 602 (2) (284 SE2d 104) (1981); *Clinkscale v. State*, 158 Ga. App. 597 (1) (281 SE2d 341) (1981). Clearly, under the circumstances present here, and considering defendant's actions and nervous behavior Officer Goodrum was fully authorized to conduct a pat-down search of the defendant prior to placing him in the back of his patrol car. Moreover, once the .32 caliber revolver was discovered in defendant's rear pocket, probable cause existed for defendant's arrest and the subsequent search which yielded the illegal contraband was permissible as a search incident to a lawful arrest. Accordingly, we find no error in the denial of defendant's motion to suppress. *Gainer v. State*, 175 Ga. App. 759 (334 SE2d 385) (1985); *Powell v. State*, 170 Ga. App. 185 (1) (316 SE2d 779) (1984); *State v. Dubose*, supra.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED MARCH 18, 1988.

*Thomas R. Moran*, for appellant.

*Robert E. Wilson, District Attorney, John H. Petrey, Lanie Pryles, Assistant District Attorneys*, for appellee.