A90A1090. BOZEMAN v. THE STATE.
(397 SE2d 30)

BANKE, Presiding Judge.

The appellant brings this appeal from his conviction of possessing methamphetamine in violation of the Georgia Controlled Substances Act.

The contraband was seized from an automobile occupied by the appellant and two companions. The arresting officer testified that he observed the vehicle parked in a remote area of a Holiday Inn parking lot at about 4:45 a.m., while on routine patrol. The officer approached the vehicle, ordered the appellant, who was seated behind the steering wheel, to get out, and asked him what he was doing there. Unsatisfied with the appellant's response that he was waiting for his girl friend, the officer then called for a back-up unit, opened the door to the passenger side of the vehicle, and asked the appellant's companions to get out. Upon doing so, he observed a bag containing methamphetamine or "crank" in plain view inside the vehicle. Based on this discovery, he arrested all three men for possessing methamphetamine. The vehicle was then searched, resulting in the discovery of various types of drug paraphernalia. Although both of the appellant's companions were indicted along with him, only one of them appeared for trial. *Held*:

1. The appellant contends that the trial court erred in denying his motion to suppress the methamphetamine as the fruit of an unlawful search. We disagree. The officer testified that numerous other crimes had occurred in the area; and we believe his observance of the appellant and his companions sitting for no apparent reason in a parked automobile in a remote part of a motel parking lot located in a

"high crime area" at 4:45 a.m. was sufficient to excite a reasonable suspicion that criminal activity might be afoot. Consequently, we hold that the officer was authorized to conduct a brief on-the-scene investigative detention pursuant to *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968), to maintain the status quo while asking the three men what they were doing there. Upon doing so, he observed the contraband in plain view inside the vehicle. As recently stated in the United States Supreme Court in *Horton v. California*, ___ U. S. ___, (110 SC 2301, 110 LE2d 112) (1990), "[i]f an article is already in plain view, neither its observation nor its seizure [involves] any invasion of privacy. . . ." We accordingly hold that the trial court did not err in denying the appellant's motion to suppress.

2. The appellant complains that the trial court failed to instruct the jury that they were to consider and apply the evidence separately as to each defendant. However, an examination of the transcript reveals that the court did in fact give such instructions. Accordingly, this enumeration of error is without merit.

3. Relying on *Momon v. State*, 249 Ga. 865 (294 SE2d 482) (1982), the appellant contends that the trial court erred in allowing the arresting officer to testify that other crimes had occurred in the area where the arrest occurred. However, unlike the testimony at issue in *Momon*, the testimony at issue in this case did not involve hearsay, and its only purpose was to explain the officer's conduct. Accordingly, this enumeration is also without merit.

4. The appellant contends that the trial court erred in allowing the officer to testify that he had ascertained that the appellant was not registered at the motel and had not applied for a room there. An examination of the transcript reveals that the judge in fact sustained the appellant's objection to this testimony on hearsay grounds. As the appellant made no further objection and did not move for a mistrial, this enumeration of error establishes no ground for reversal.

5. The trial court did not err in excluding evidence of a confession which had been made by the co-defendant who failed to appear at trial. "Statements made by another person to the effect that he, and not the accused, was the actual perpetrator of the offense are not admissible in favor of the accused at his trial, and the same principle applies to the admission of confessions by one who was jointly indicted with the accused. [Cits.] The inaccessibility of the person making the confession does not alter the rule." *Vaughn v. State*, 171 Ga. App. 261, 262 (2) (319 SE2d 97) (1984).

6. Likewise, the court did not err in refusing to give a jury instruction on the equal access rule. " 'The (equal access) rule, conceptually and historically, has no application where, as here, all persons allegedly having equal access to the contraband are alleged to have been in joint constructive possession of that contraband. (Cits.) It is

simply a defense available to the accused to whom a presumption of possession flows. Because the state did not show the indicia giving rise to the presumption, that is, ownership or exclusive control of the vehicle, no presumption arose and therefore there was no triggering of the equal access defense.' [Cit.]" *Akins v. State*, 184 Ga. App. 441 (1) (361 SE2d 707) (1987).

7. The appellant contends that the court erred in charging the jury on conspiracy. It is axiomatic that a conspiracy may be proved although not alleged in the indictment, see *Hart v. State*, 185 Ga. App. 141 (1) (363 SE2d 599) (1987); and "where the evidence in a criminal case shows that two or more persons were concerned in the commission of an alleged crime, it is not harmful error for the trial court to charge . . . the jury on the law of conspiracy." *Battle v. State*, 231 Ga. 501-502 (202 SE2d 449) (1973). Accordingly, this enumeration is also without merit.

8. Based on our review of the transcript, we reject the appellant's contention that the trial court impermissibly commented on the evidence while summarizing to the jury the contentions of the parties.

9. The evidence presented at trial was sufficient to enable a rational trier of fact to find the appellant guilty of possessing methamphetamine beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED SEPTEMBER 4, 1990.

*Mullins, Whalen & Shepherd, Samuel H. Sullivan*, for appellant.
*W. Fletcher Sams, District Attorney, William T. McBroom III, Assistant District Attorney*, for appellee.