A98A1348. IN THE INTEREST OF M. G., a child.

(503 SE2d 302)

BLACKBURN, Judge.

M. G. appeals his delinquency adjudication only on the charge of robbery on the sole basis of the insufficiency of the evidence. A petition alleging delinquency was filed in juvenile court accusing M. G., a child, of the offenses of robbery, simple battery, and theft by taking. Following a bench trial in juvenile court, M. G. was found delinquent on all counts, but appeals only the robbery charge. We affirm for the following reasons.

"In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile[ ] committed the acts charged. *In the Interest of J. T. M.*, 200 Ga. App. 636, 637 (409 SE2d 256) (1991); see generally *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979)." *In the Interest of R. L. W.*, 225 Ga. App. 253, 254 (2) (483 SE2d 361) (1997). The standard of review on appeal in a case of a juvenile adjudication is the same as that for any criminal case. *In the Interest of M. J. F.*, 191 Ga. App. 792 (1) (383 SE2d 173) (1989).

A person commits robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another by use of force, intimidation, or sudden snatching. See OCGA § 16-8-40; Kurtz, Criminal Offenses & Defenses in Ga. (4th ed.), p. 770.

Viewed in the light most favorable to the verdict, the evidence shows that on April 24, 1997, Nayvadius Wilburn and Aaron Knight rode two bikes owned by Wilburn, one green and one red, to Shoal Creek Park to play basketball. As they were playing basketball, M. G. came onto the court, grabbed Wilburn around the neck, choked him, and forced him onto the ground. Wilburn fled the park.

Knight testified that he rode the red bike, the subject of the robbery charge, up the hill away from the park. M. G. rode up alongside Knight on the green bike, pushed him off the bike and ordered, "Give me the bike." Knight gave M. G. the bike and ran away.

M. G. contends he was never in possession of the red bike. Although M. G. testified as to a different chain of events contradicting the victim's testimony, "[c]onflicts in the testimony of the witnesses . . . [are] a matter of credibility for the [finder of fact] to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the [finder of fact's] verdict will be upheld." (Citations and punctuation omitted.) *Patterson v. State*, 225 Ga. App. 515 (484 SE2d 317) (1997). Knight testified that M. G. took the bike from him, by pushing him and commanding him to turn the bike over. The bike was never returned to its owner, Wilburn. Therefore, the elements of the State's case for the charge of robbery have been met. OCGA § 16-8-40. The evidence construed in the light most favorable to the prosecution was sufficient to authorize the judge to adjudicate M. G. delinquent on the charge of robbery.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED JUNE 17, 1998.

*Linda A. Pace*, for appellant.

*Jonath A. Morrow, Solicitor, Jimmy L. Tarver, Lori B. Brudner, Assistant Solicitors*, for appellee.