A98A2210. SINGLETON v. THE STATE.
(508 SE2d 461)

JOHNSON, Presiding Judge.

Following a bench trial, Octavius Singleton was found guilty of possession of cocaine and giving a false name to a law enforcement officer. On appeal, he claims the trial court erred by denying his motion to suppress evidence seized at the time of his arrest. We find no error and affirm the convictions.

The facts are not in dispute. Two police officers were on routine patrol at 3:00 a.m. in an area known for drug trafficking. They saw several people standing near an apartment building, all of whom ran into the complex upon seeing the patrol car. The officers pulled into the complex and saw a car that was backed into a dark area of the parking lot. When neither of the two occupants exited the vehicle after several minutes, the officers approached the car and asked for identification. The passenger, Singleton, indicated he had no identification, appeared very nervous and kept his right hand beside his leg in the dark. Concerned for his safety, one of the officers asked Singleton to step out of the car. As he got out of the car, Singleton dropped a plastic bag containing individually packaged chunks of crack cocaine onto the passenger seat in plain view. Singleton was arrested, and a search incident to his arrest revealed more individually packaged bags of cocaine on the passenger's side of the car and a weapon under the driver's seat.

Singleton moved to suppress the evidence on the basis of *State v. White*, 197 Ga. App. 426 (398 SE2d 778) (1990). In *White*, the trial court suppressed evidence seized from an individual sitting in a car in his own driveway with two other people at 10:00 at night. This

Court upheld the decision on the basis that the officers had no reason to suspect them of any wrongdoing. However, in the present case, the men were sitting in a remote section of an apartment complex at 3:00 a.m. Both the apartment complex and the area in general were known for their high drug activity. Given these facts, the present case is on all fours with *Bozeman v. State*, 196 Ga. App. 743 (1) (397 SE2d 30) (1990).

In *Bozeman*, an officer observed a car in a remote area of a hotel parking lot at 4:45 a.m. When the officer approached the car and asked the passengers to step out, he saw drugs in plain view. In upholding the trial court's denial of the motion to suppress, this Court held that the officer's "observance of the appellant and his companions sitting for no apparent reason in a parked automobile in a remote part of a motel parking lot located in a 'high crime area' at 4:45 a.m. was sufficient to excite a reasonable suspicion that criminal activity might be afoot." Id. at 743-744. Consequently, we held that the officer was authorized to conduct a brief on-the-scene investigative detention pursuant to *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968), to maintain the status quo while asking the men what they were doing there. In so doing, the officer observed the contraband in plain view inside the vehicle. Id.

The facts in the present case are even more compelling than *Bozeman*. In *Bozeman*, the officer asked the driver to get out of the car, for no apparent reason, and then asked him what he was doing there. Unsatisfied with the response, he opened the door to the passenger side of the car and asked the passengers to get out of the vehicle. He then observed the drugs in plain view. In the present case, the officers approached Singleton's vehicle and, after observing Singleton's nervous demeanor and the way he kept his hand at his side on the seat, asked him to get out of the vehicle because they feared he might have a weapon. The officer took this minimally intrusive step to protect himself. Compare *Brown v. State*, 269 Ga. 830 (504 SE2d 443) (1998). As Singleton was complying with the officer's reasonable request, he dropped the plastic bag containing individually packaged bags of cocaine and the officer observed the contraband in plain view. According to the officer, the substance appeared to be cocaine based on his past experiences and the way it was packaged.

Singleton correctly notes that his mere presence in a known drug area, without more, is insufficient to support a reasonable suspicion that he was engaged in or about to engage in criminal activity. See *Barnes v. State*, 228 Ga. App. 44, 46 (491 SE2d 116) (1997); *State v. King*, 227 Ga. App. 466 (489 SE2d 361) (1997).

In *Barnes*, we reversed the trial court's denial of a motion to suppress because the police were unable to articulate any cogent basis for detaining the appellant or conducting a pat-down search. In

*Barnes*, the officers observed the appellant standing in a high crime area. When the appellant noticed the officers, he began walking away. The officers stopped him and asked what he was doing in the area. Unsatisfied with the answer and noting that he was acting suspiciously and was " 'holding something in his hand with a rag,' " the officers asked him to place his hands on the car and conducted a pat-down search. We held that an investigative stop must be justified by some objective manifestation that the person is, or is about to be, engaged in criminal activity. The officers' claim that Barnes was acting suspiciously was not, by itself, a sufficient basis for any type of investigatory stop.

Likewise, in *King*, the appellant was standing in an extremely high drug area at 1:30 a.m. in 20 degree weather. After an hour, police approached the appellant and asked if he lived in the apartment complex. The appellant stated he did not. The police then asked what he was doing in the area. Not satisfied with the appellant's answer, the police asked him to turn around and raise his hands. They then conducted a pat-down search for weapons. We concluded the trial court did not err in granting the appellant's motion to suppress because there was no evidence that the appellant was, or was about to be, involved in criminal activity or that he was armed and presented a danger to himself or others.

In the present case, as distinguished from *Barnes*, there were many facts justifying the officer's approach of the vehicle in which Singleton was sitting, including the time of day, the location in which the vehicle was parked in the lot, and the high crime area. Furthermore, as distinguished from *King*, the officers were justified in asking Singleton to step out of the car and in conducting a pat-down search for weapons based on Singleton's demeanor and the way he positioned his hand by his side in the dark.

In reviewing a trial court's decision on a motion to suppress, the evidence is construed most favorably to uphold the findings and judgment of the trial court. See *State v. Williams*, 220 Ga. App. 100, 102 (2) (469 SE2d 261) (1996). Because there was sufficient evidence to support the trial court's order, we find no error.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED NOVEMBER 2, 1998 —

*John O. Ellis, Jr.*, for appellant.
*J. Tom Morgan, District Attorney, Robert M. Coker, Assistant District Attorney*, for appellee.