A99A2051. IN THE INTEREST OF J. T., a child.
(521 SE2d 862)

JOHNSON, Chief Judge.

A petition was filed in juvenile court alleging that fifteen-year-old J. T. committed three acts of obstructing Police Officer J. M. Cole by fleeing from him after having been told to stop. An adjudicatory hearing on the petition was held before a juvenile court judge, who

found that J. T. committed the three alleged delinquent acts of obstructing Officer Cole. J. T. appeals, asserting there is insufficient evidence to support the adjudications of delinquency. We agree and reverse the judgment of the juvenile court.

In considering the sufficiency of the evidence supporting a juvenile court adjudication of delinquency, we apply the same standard of review that is used in any criminal case by construing the evidence in favor of the adjudication to determine if a rational trier of fact could have found beyond a reasonable doubt that the juvenile committed the acts charged. *In the Interest of M. G.*, 233 Ga. App. 23 (503 SE2d 302) (1998). In the instant case, we must construe the testimony of Officer Cole, the only witness at the hearing, in favor of the delinquency adjudications.

So construed, Cole's testimony shows that on October 24, 1998, he drove his police car into an apartment complex that is known for drug activity. Cole saw J. T. sitting on a bicycle talking to a female who was sitting on a motor vehicle. When J. T. saw the officer getting out of his car, he began to leave on his bicycle. Officer Cole told J. T. to stop and chased after him on foot, but J. T. did not obey the command and left the scene.

On October 30, 1998, Officer Cole again saw J. T. sitting on his bicycle near the entrance of the apartment complex. J. T. again left on his bicycle. Cole told J. T. to stop, but J. T. did not stop. The officer chased after him on foot, but was unable to catch him.

Officer Cole next saw J. T. on November 4, 1998, in a Burger King restaurant parking lot. He tried to sneak up on the juvenile, but when J. T. saw the officer he again pedaled away on his bicycle. Cole chased after him in his police car, turned on the car's siren and told J. T. over the car's public address system to stop. But again J. T. did not stop, and the officer eventually gave up the chase. Several days later, Officer Cole found J. T. inside a restaurant and arrested him for misdemeanor obstruction based on the prior incidents of not obeying the commands to stop.

"[A] person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." OCGA § 16-10-24 (a). In the instant case, the state argues that Officer Cole was in the lawful discharge of his duties the first time he tried to stop J. T. because the juvenile was violating a county ordinance against loitering in a known drug area. Thereafter, the state reasons, Officer Cole's subsequent attempts to stop J. T. were also lawful based on J. T.'s initial violation of that ordinance and his prior acts of obstruction by fleeing.

The state's argument is without merit because the state failed to prove the existence of the local ordinance. Where such an ordinance is relied on, it must be pleaded and proved in the trial court, and

absent a properly admitted copy of the ordinance, neither the trial court nor this court may take judicial notice of its existence. OCGA § 24-7-21; *Reed v. State*, 229 Ga. App. 817, 818 (a) (495 SE2d 313) (1997); *Dudley v. State*, 161 Ga. App. 310, 311 (1) (287 SE2d 763) (1982). The record before us does not contain a copy of the county ordinance relied on by the state, and nowhere in the trial transcript does it appear that the state attempted to introduce the ordinance into evidence. Consequently, the state's reliance on that ordinance is misplaced.

The question, then, is whether there is sufficient evidence before us that Officer Cole was in the lawful discharge of his official duties on the three occasions he tried to stop J. T. We find that there is not such evidence. While the officer was certainly authorized to approach J. T. and speak with him on each occasion, he had no authority to stop him in the absence of any particular and objective reason to suspect J. T. of criminal activity. Therefore his repeated attempts to detain the juvenile were not lawful.

There are three tiers of police-citizen encounters: (1) communication between police and citizens involving no coercion or detention and therefore not subject to Fourth Amendment scrutiny; (2) brief seizures that must be supported by reasonable suspicion; and (3) full-scale arrests that must be supported by probable cause. *In the Interest of S. B.*, 207 Ga. App. 60, 61 (427 SE2d 52) (1993). In the first tier, a police officer may approach a citizen, ask for identification and question the citizen without any basis or belief that he is involved in criminal activity, as long as the officer does not detain the citizen or create the impression that the citizen may not leave. *Welborn v. State*, 232 Ga. App. 837, 839 (2) (503 SE2d 85) (1998). The second tier occurs when the officer conducts a brief investigative stop of the citizen due to a particularized and objective reason for suspecting the person is involved in criminal activity. *McClain v. State*, 226 Ga. App. 714, 716 (1) (487 SE2d 471) (1997).

During Officer Cole's three encounters with J. T., he never had any particular and objective reason to suspect J. T. of criminal activity. Cole did not testify that he saw J. T. engage in any suspicious activity before any of the instances when he pedaled away on his bicycle. At most, during the first and second encounters, J. T. was in or near a known drug area. But J. T.'s mere presence in such an area, without more, could not give Officer Cole a reasonable suspicion that J. T. was engaged in illegal activity. See *Singleton v. State*, 235 Ga. App. 88 (508 SE2d 461) (1998).

All Cole's testimony establishes is that on each occasion J. T. was on his bicycle in a public place doing nothing improper or suspicious. Thus, the officer had no lawful basis for stopping, even briefly, the juvenile. Instead of being second-tier encounters during which a brief

seizure would have been lawful, the three instances when Officer Cole saw J. T. were police-citizen encounters of the first tier during which J. T. was free to leave. See *Barnes v. State*, 228 Ga. App. 44, 46 (491 SE2d 116) (1997). He appropriately exercised that freedom in each instance.

"A police officer is not discharging his lawful duty when he arrests an individual without reasonable or probable cause." (Citation, punctuation and emphasis omitted.) *Woodward v. State*, 219 Ga. App. 329, 330 (1) (465 SE2d 511) (1995). Likewise, a police officer is not discharging his lawful duty when he attempts to detain briefly a citizen without a particularized and objective basis for suspecting criminal activity. See generally *Barnes*, supra; *State v. King*, 227 Ga. App. 466, 468-469 (489 SE2d 361) (1997). Because Officer Cole was not lawfully discharging his official duties when he tried to stop J. T. without a proper basis, J. T. did not obstruct the officer by refusing to stop. See *Woodward*, supra at 330-331 (1); *Wagner v. State*, 206 Ga. App. 180, 181-183 (424 SE2d 861) (1992). The adjudications of delinquency for misdemeanor obstruction must therefore be reversed. See generally *In re G. M. M.*, 179 Ga. App. 800, 802 (1) (348 SE2d 126) (1986).

*Judgment reversed. McMurray, P. J., and Phipps, J., concur.*

DECIDED AUGUST 30, 1999.

*M. Muffy Blue*, for appellant.
*Jonath A. Morrow, Solicitor, Lori B. Duff, Assistant Solicitor*, for appellee.

