A02A1134. BIANCO et al. v. THE STATE.
(570 SE2d 605)

ANDREWS, Presiding Judge.

Lynne Bianco and William Sickles appeal from the judgment entered after they were found guilty of one count of possession of methamphetamine. They claim the trial court erred in denying their motion to suppress evidence. For the following reasons, we affirm the judgment of the trial court.

When reviewing a motion to suppress, we construe the evidence most favorably to uphold the findings and judgment of the trial court, and the court's findings on disputed facts and witness credibility will be adopted unless they are clearly erroneous. *Redd v. State,* 229 Ga. App. 364, 365 (494 SE2d 31) (1997). "[W]here the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review." *Vansant v. State,* 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

At the hearing on the motion to suppress, the arresting officer testified that when he was patrolling in a local park at around 8:00 in the evening, he saw a car "pulled sideways across several parking spaces." The officer stopped and walked up to the car, noticing the odor of alcohol as he approached the car. Sickles was sitting in the driver's seat and Bianco was in the passenger seat. As the officer approached, he saw Bianco "reaching around by her feet." The officer asked Sickles for identification and asked him about the odor of alco-

hol because alcoholic beverages were not allowed in the park. Sickles told the officer that he was not drinking, but Bianco was. The officer asked Sickles to step out of the car. Sickles argued with him at first but did eventually step out of the car.

At that point, the officer called for a K-9 unit and backup which took approximately 15 minutes. The officer asked Bianco, who owned the car, if he could search it. He told her that there was a K-9 unit en route, and she gave him consent to search.

After Bianco got out of the car, the officer saw that she was carrying a large pocketknife. He asked her to empty her pockets, which she did, handing the knife to the officer.

When the backup officer arrived, he talked to Sickles, who became more defensive and nervous. As the officer attempted to do a pat-down search, Sickles turned away, slapping at the officer's hand. The officer found what was later identified as methamphetamine in Sickles's pocket and arrested him. When officers searched the car, they found marijuana in the center console and methamphetamine in Bianco's purse.

Sickles testified and admitted that he was "fidgety" and was "moving around" and the officer had to instruct him to keep his arms by his side. Sickles said he was later told to keep his hands on the trunk of the car but did not do so, testifying that "every time I would move my hands from the trunk, he'd say, 'I told you to put your hands on the trunk.'" Sickles admitted that he told the officer that Bianco had been drinking.

The trial court denied the motion to suppress and found both Bianco and Sickles guilty of possession of methamphetamine. This appeal followed.

As the trial court correctly held, the officer was entitled to walk up to the car and speak to the occupants. *State v. Bryant*, 203 Ga. App. 69, 71 (416 SE2d 368) (1992). The odor of alcohol coming from the car and the county ordinance prohibiting any alcohol in the park justified a brief, investigative stop under *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968).

Appellants argue on appeal that the officers were not justified in doing a pat-down search of Sickles after he got out of the car. We disagree.

A reasonable search for weapons for the protection of the police officer( ) is permitted where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be war-

ranted in the belief that his safety or that of others was in danger. *Terry v. Ohio,* [supra].

*Sikes v. State,* 247 Ga. App. 855, 857 (1) (545 SE2d 73) (2001). Here, there was sufficient evidence to support the trial court's finding that a reasonably prudent man could fear for his safety in this situation. The evidence was that officers were patrolling the park because of "ongoing problems in some of the county parks with drug gang and theft activities." Bianco's furtive movement as the officer approached, her possession of a knife, Sickles's fidgety movements, and his refusal to keep his hands in view on the trunk of the car were sufficient to justify a protective search for weapons. See *Sikes v. State,* supra (Sikes's aggressive behavior and officer's suspicion that he might be under the influence of drugs sufficient to justify pat-down search); *Singleton v. State,* 235 Ga. App. 88, 90 (508 SE2d 461) (1998) ("officers were justified in asking Singleton to step out of the car and in conducting a pat-down search for weapons based on Singleton's demeanor and the way he positioned his hand by his side in the dark"); *Thompson v. State,* 230 Ga. App. 131 (495 SE2d 607) (1998) (officer attempting to investigate drug transaction of suspect who was acting skittishly was authorized to make a protective search); *Buffington v. State,* 229 Ga. App. 450 (494 SE2d 272) (1997) (pat-down search for safety was authorized after traffic stop of defendant who had just left area of known drug activity and was acting " 'nervous and just fidgety' ").

Finally, the methamphetamine discovered during the pat-down was admissible under the plain feel doctrine.

> Under this doctrine, if, during a lawful pat-down search, an officer feels an object whose contours or mass makes it immediately identifiable as contraband, that officer can seize the item. Thus, for evidence to be admissible under the plain feel doctrine, the searching officer must express a degree of certainty in identifying the item. This is so because a pat-down search "is conducted solely for the purpose of insuring the safety of the officer and of others nearby, not to procure evidence for use at a subsequent trial."

(Footnote and emphasis omitted.) *Patman v. State,* 244 Ga. App. 833, 834-835 (537 SE2d 118) (2000). See *Minnesota v. Dickerson,* 508 U. S. 366, 375-376 (113 SC 2130, 124 LE2d 334) (1993). Here, the officer testified that he had 16 years experience in dealing with controlled substances and the package in Sickles's pocket felt like a "corner baggy" which was commonly used for street sales of controlled substances. Therefore, under the "plain feel doctrine," the officer was

entitled to seize the item, and the evidence was properly admitted.

Accordingly, for the reasons given above, we conclude the trial court's denial of the motion to suppress was not clearly erroneous.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED AUGUST 21, 2002 —
RECONSIDERATION DENIED SEPTEMBER 6, 2002.

*Herbert Shafer*, for appellants.

*Philip C. Smith, District Attorney, Rand J. Csehy, Assistant District Attorney*, for appellee.

