A03A0502. LANCASTER v. THE STATE.
(582 SE2d 513)

BARNES, Judge.

Following a bench trial on stipulated facts, Dustin Blake Lancaster appeals his convictions for trafficking in cocaine and possession of marijuana with intent to distribute. In three enumerations of error, Lancaster argues that the trial court erred in denying his motion to suppress the evidence seized during a traffic stop. For the following reasons, we reject Lancaster's arguments and affirm.

> When reviewing a trial court's decision on a motion to suppress, this court's responsibility is to ensure that there was a substantial basis for the decision. The evidence is construed most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts are adopted unless they are clearly erroneous. Further, since the trial court sits as the trier of fact, its findings are analogous to a jury verdict and will not be disturbed if there is any evidence to support them.

(Punctuation and footnote omitted.) *Hill v. State,* 252 Ga. App. 473 (556 SE2d 545) (2001).

The evidence, so viewed, reveals that Lancaster's black BMW was traveling on Buford Highway when police observed that one of the automobile's brake lights was not functioning. The officer initiating the stop testified at the motion to suppress hearing that he put his blue lights and siren on, and Lancaster continued driving and "passed several opportunities to stop," before the car "finally stopped." The officer noticed that as Lancaster was driving he was reaching over to the passenger side. After Lancaster stopped, the officer asked him for license and proof of insurance and noted that Lancaster appeared very nervous and his hands were shaking. He also noticed what appeared to be marijuana residue on the floorboard of the car and based on this observation and Lancaster's demeanor asked Lancaster to get out of the car. The officer gave Lancaster a warning for the brake light and asked him if there were weapons or contraband in the vehicle. Lancaster said no, and the officer asked if he could search the vehicle, and Lancaster consented.

The officer testified that when he started searching he heard Lancaster say repeatedly, "I'm going to jail." The officer discovered a

vinyl bag on the passenger side containing clothes, digital scales, ziplock bags, five bags of marijuana, "a bunch" of bags of cocaine presumably packaged for distribution, and $600 cash. Lancaster was placed under arrest.

1. Lancaster first contends that the police did not have probable cause to initiate the stop because he did not violate any traffic offenses. He argues that under OCGA § 40-8-25 only two brake lights must be functioning while driving on the highway and that at the time he was stopped at least two of the three brake lights on his BMW were functioning. He further maintains that since two of his brake lights were functioning, he was in compliance with the statute and accordingly his stop was not supported by probable cause, and thus all evidence resulting from the stop must be suppressed.

Under OCGA § 40-8-25

(a) It shall be unlawful for any person to sell any motor vehicle manufactured after January 1, 1954, including any motorcycle or motor driven cycle manufactured after January 1, 1954, in this state or for any person to drive such vehicle on the highways unless it is equipped with at least one brake light meeting the requirements of Code Section 40-8-26.

and,

(b) If a motor vehicle is manufactured with two brake lights, both must be operational.

However, OCGA § 40-8-26 (b) requires that

*[e]very* brake light shall be plainly visible and understandable from a distance of 300 feet to the rear both during normal sunlight and at nighttime, and every signal light or lights indicating intention to turn shall be visible and understandable during daytime and nighttime from a distance of 300 feet from both the front and the rear. When a vehicle is equipped with a brake light or other signal lights, such light or lights shall at all times be maintained in good working condition. No brake light or signal light shall project a glaring or dazzling light.

(Emphasis supplied.)

Lancaster's improbable argument is that "the only clear intent of the legislature and the only meaningful reading of said above-referenced Code Sections [are] that if a motor vehicle is manufactured with two (2) brake lights, both brake lights must be operational

meeting the requirements of O.C.G.A. § 40-8-26. Thus, O.C.G.A. § 40-8-26 is merely the standard for brake lights." He then concludes that based on the foregoing "if a vehicle has more than two (2) brake lights, only two brake lights must be operational." Since, however, Lancaster conceded that his car was equipped with three brake lights, then, arguably, this statute would not even apply to his vehicle.

But, pretermitting whether the legislative intent of OCGA § 40-8-25 was that on vehicles with more than two brake lights, only two must be functional, it is uncontroverted that one of the three brake lights on Lancaster's BMW was not working at the time he was stopped. The officer stopped Lancaster's BMW for that reason and

> If the officer acting in good faith believes that an unlawful act has been committed, his actions are not rendered improper by a later legal determination that the defendant's actions were not a crime according to a technical legal definition or distinction determined to exist in the penal statute. The question to be decided is whether the officer's motives and actions at the time and under all the circumstances, including the nature of the officer's mistake, if any, were reasonable and not arbitrary or harassing.

(Citation and punctuation omitted.) *State v. Hammang*, 249 Ga. App. 811 (549 SE2d 440) (2001).

Because it is well settled that police may conduct a brief investigatory stop of a vehicle if they have specific, articulable facts that give rise to a reasonable suspicion of criminal conduct, *Tarwid v. State*, 184 Ga. App. 853, 854 (1) (363 SE2d 63) (1987), the fact that one of the brake lights on Lancaster's car was not functioning was, in itself, sufficient articulable reasonable suspicion of the illegal operation of his vehicle to authorize a traffic stop. See *Jordan v. State*, 223 Ga. App. 176, 177 (1) (477 SE2d 583) (1996); *Wilder v. State*, 192 Ga. App. 891, 892 (386 SE2d 685) (1989). We find no error. "No purpose of deterrence would be served by suppressing the evidence found in this case, which was the product of a stop prompted by the officer's legitimate concern for public safety." (Citation and punctuation omitted.) *State v. Hammang*, supra, 249 Ga. App. at 811.

2. Lancaster next argues that his continued detention after the conclusion of the traffic stop exceeded the scope of a permissible investigation of the initial stop. This argument however is meritless.

"An officer who questions and detains a suspect for other reasons [than those precipitating the initial stop] exceeds the scope of permissible investigation unless he has 'reasonable suspicion' of other criminal activity." (Citation omitted.) *State v. Blair*, 239 Ga. App. 340, 341

(521 SE2d 380) (1999). In this case, therefore, the officer, who initially stopped Lancaster for the brake light violation, could detain Lancaster for further questioning only if he had a reasonable suspicion of other criminal activity.

In his testimony, the officer observed that as he was issuing the warning to Lancaster, he appeared "very nervous; his hands were shaking." The officer also saw, what he believed to be, "marijuana residue on the floorboard" and then asked Lancaster for consent to search his vehicle. Further, after the officer turned on his blue lights, Lancaster avoided several opportunities to stop before finally doing so. Thus, because the officer had a reasonable suspicion of other criminal activity, the continued detention of Lancaster was authorized.

3. Lancaster argues for the first time on appeal that the State failed to prove that he was operating his vehicle on the highway as required by OCGA § 40-8-25, and, as such, failed to prove an essential element of the crime.

Because this issue was never raised in the trial court, we will not address it for the first time on appeal. "This Court is a court for the correction of legal errors and has no jurisdiction to address issues that are raised for the first time on appeal." (Citation omitted.) *McDaniel v. State*, 221 Ga. App. 43, 46-47 (1) (470 SE2d 719) (1996).

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED MAY 21, 2003 — ▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Brian Steel*, for appellant.

*Daniel J. Porter, District Attorney, Lisa A. Jones, Assistant District Attorney*, for appellee.