## A03A1797. RUCKER v. THE STATE.
### (596 SE2d 639)

RUFFIN, Presiding Judge.

Following a bench trial, the trial court found Thaddeus Rucker guilty of trafficking in amphetamines, possessing marijuana, and possessing drug-related objects. In three enumerations of error on appeal, Rucker contends the trial court erred in denying his motion to suppress. Finding no error, we affirm.

On appeal from a trial court's ruling on a motion to suppress, this Court construes the evidence most favorably to upholding the trial court's ruling, and we adopt the trial court's findings on disputed facts unless clearly erroneous.[1] "[S]ince the trial court sits as the trier of fact, its findings are analogous to a jury verdict and will not be disturbed if there is any evidence to support them."[2]

Viewed in this manner, the record shows that Rucker was a passenger in a van that was pulled over for following another vehicle too closely. When Detective Wade Rogers turned on his blue lights and siren, the driver of the van did not immediately stop, but proceeded one to two miles to a highway exit and then drove another half mile before stopping. According to Rogers, he saw "a lot of movement in the vehicle between the . . . front seat and the passenger seat" before the van eventually stopped. After stopping the van, Lajames Davis, the driver, immediately exited the van and walked toward Rogers. Rogers asked Davis why he did not stop immediately, and Davis indicated that he thought it was dangerous to stop on the highway. Davis provided Rogers with his license and registration. Rogers testified that, during the exchange, "Davis appeared to be nervous. His hands were fidgeting. He was turning. He wouldn't make eye contact with me. [And] he didn't seem to know where he was going."

Almost immediately upon stopping the van, Rogers began asking Davis questions unrelated to the following too closely offense, such as where he was going and who the passenger in the vehicle was. Rogers also asked Rucker for identification and questioned him regarding his reason for traveling to Atlanta. Rogers testified that Davis and Rucker provided conflicting answers to his questions, which further aroused his suspicion.

Another law enforcement officer arrived with a K-9 unit and performed a free air search around the van. Rogers also had Rucker exit the van, and he patted him down. During the pat-down, Rogers discovered a bulge in the crotch area of Rucker's pants, which turned

---

[1] See *Lancaster v. State*, 261 Ga. App. 348 (582 SE2d 513) (2003).

[2] (Punctuation omitted.) Id.

out to be amphetamine. Rucker and Davis were then charged with trafficking in amphetamine, and Rucker moved to suppress the evidence.

The trial court denied Rucker's motion, finding that, under the totality of the facts, Rogers had reasonable suspicion so as to justify his detention and investigation of the defendant. Specifically, the court noted that Davis continued to drive for one to two miles after being signaled to stop, there was an "unusual amount of movement" in the van, and that Davis appeared nervous. Based upon these facts, the trial court found that Rogers had more than a mere "hunch" or "inclination" that Rucker and Davis were involved in a criminal enterprise. The trial court further concluded that Rogers' pat-down of Rucker was permissible to ensure officer safety and that the contraband was admissible under the "plain feel" doctrine.

1. In his first enumeration of error, Rucker contends that the trial court erred in concluding that Rogers lawfully detained him for the purpose of questioning him. Specifically, Rucker contends that Rogers lacked reasonable suspicion for such prolonged investigation. We disagree.

"[T]he stop of a vehicle is authorized if an officer observes the commission of a traffic offense."[3] However, "an officer who questions and detains a suspect for other reasons exceeds the scope of permissible investigation unless he has 'reasonable suspicion' of other criminal activity."[4] " 'While this suspicion need not meet the standard of probable cause, it must be more than mere caprice or a hunch or an inclination.' "[5]

Here, Rogers stopped the van for following too closely, which is a traffic offense.[6] But Rogers immediately began questioning both Davis and Rucker regarding matters other than the alleged traffic violation. Thus, the relevant inquiry is whether Rogers had a reasonable basis for suspecting criminal conduct from the outset. Here, the trial court found that Rogers had reasonable suspicion to prolong the stop, and we agree.[7] Initially, we note that Davis drove for one to two miles before stopping, which Rogers testified was abnormal. And Rogers witnessed unusual movement in the van before it came to a stop. Finally, upon stopping, Davis approached the patrol car rather than waiting for the officer to walk up to the van. Under these circumstances, the trial court did not err in concluding that Rogers had reasonable suspicion, which justified his additional detention

---

[3] (Punctuation omitted.) *State v. Bute*, 250 Ga. App. 479, 481 (552 SE2d 465) (2001).

[4] *State v. Blair*, 239 Ga. App. 340, 341 (521 SE2d 380) (1999).

[5] *Jones v. State*, 259 Ga. App. 849, 851-852 (578 SE2d 562) (2003).

[6] See OCGA § 40-6-49.

[7] See *Jones*, supra.

and investigation of Rucker.[8]

In support of his contention that the officer lacked reasonable suspicion, Rucker cites multiple cases, including *State v. Thompson*,[9] *State v. Cunningham*,[10] and *State v. Combs*.[11] In those cases, this Court *upheld* the trial court's grant of a motion to suppress. In this case, however, the trial court *denied* Rucker's motion. Implicit in the trial court's ruling is a factual finding that Davis' stated reason for continuing to drive — that he did not want to stop on the interstate — lacked credibility. Rather than accepting the explanation, the trial court found it suspicious. Similarly, the trial court accepted Rogers' testimony that the movement in the van was abnormal. Thus, embodied in the trial court's ruling are findings on disputed facts, which we accept unless clearly erroneous.[12] As we cannot say such findings were erroneous, we will not reverse on this basis.[13]

2. In his second enumeration of error, Rucker contends that the trial court erred in finding that Rogers lawfully patted him down. According to Rucker, Rogers had no reason to believe that he was armed or posed a threat to officer safety.

The law regarding pat-down searches was recently reiterated in *State v. Pritchett*, in which we noted that

> [a] pat-down search of the outer clothing of an individual is authorized under *Terry v. Ohio* in certain limited circumstances. *Terry* held that "when an officer is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officers or others," he has "the power to take necessary measures to determine whether the person is in fact carrying a weapon and to neutralize the threat of physical harm." . . . "Nothing in *Terry* can be understood to allow a generalized cursory search for weapons or, indeed, any search whatever for anything but weapons."[14]

When asked why he frisked Rucker, Rogers responded: "Several reasons. Number one, the length of time it took the vehicle to stop, it worried me the fact that possibly someone [was] concealing weapons. . . . Number two was large bulges in both [Rucker's and Davis']

---

[8] See id.

[9] 256 Ga. App. 188 (569 SE2d 254) (2002).

[10] 246 Ga. App. 663 (541 SE2d 453) (2000).

[11] 191 Ga. App. 625, 626-628 (2) (382 SE2d 691) (1989).

[12] See *Lancaster*, supra.

[13] See *Jones*, supra.

[14] (Punctuation and footnote omitted.) 256 Ga. App. 698, 700 (1) (569 SE2d 616) (2002).

pockets and then also in [Rucker's] crotch." The trial court found that the pat-down was permissible because "Rogers' concern for his safety . . . was legitimate based upon the suspicious conduct of [Rucker] to that point" and because another officer was about to conduct a free-air search around the exterior of the van, escalating the encounter.

Again, "[i]n reviewing a trial court's decision on a motion to suppress, the evidence is construed most favorable to uphold the findings and judgment of the trial court."[15] Here, Rogers testified that he saw "bulges" in both Rucker's and Davis' pockets. Rogers also said that he patted Rucker down because he was worried that Rucker might be concealing weapons, and the trial court apparently found Rogers' testimony credible. Under these circumstances, the trial court did not err in finding that Rogers "was authorized to conduct a minimally intrusive patdown to determine whether [Rucker] was armed."[16]

3. In his third enumeration of error, Rucker contends that the trial court erred in concluding that the seizure of the contraband was permitted under the "plain feel" doctrine. Under this doctrine, "if, during a lawful pat-down search, an officer feels an object whose contours or mass makes it immediately identifiable as contraband, that officer can seize the item."[17] Here, Rucker claims solely that Rogers failed to lay the proper foundation to establish that he believed the item was, in fact, contraband. However, Rucker does not show that he argued this below or asserted what the proper foundation should be. "We have held that 'objection on the ground of a lack of proper foundation without stating what the proper foundation should be is insufficient and presents nothing for consideration on appeal.' "[18] Thus, Rucker has waived this issue on appeal.

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED FEBRUARY 10, 2004 —
RECONSIDERATION DENIED MARCH 17, 2004 —

*Bruce S. Harvey, David S. West, Jennifer S. Hanson, David W. Martin,* for appellant.

---

[15] *Singleton v. State,* 235 Ga. App. 88, 90 (508 SE2d 461) (1998).

[16] (Citation and punctuation omitted.) *Howard v. State,* 220 Ga. App. 579, 581 (469 SE2d 746) (1996).

[17] (Punctuation omitted.) *Bianco v. State,* 257 Ga. App. 289, 291 (570 SE2d 605) (2002).

[18] *Nelson v. State,* 255 Ga. App. 315, 319 (2) (565 SE2d 551) (2002).

*David McDade, District Attorney, Christian A. Pecone, Christopher R. Johnson, Assistant District Attorneys*, for appellee.