## A07A2037. DAVIS v. THE STATE.
(658 SE2d 788)

ADAMS, Judge.

James Alan Davis, who was convicted in a bench trial of one count of carrying a concealed weapon and one count of carrying a pistol without a license, asserts on appeal that the trial court erred in denying his motion to suppress evidence seized during a pat-down search of his person. We disagree.

"In considering an appeal from denial of a motion to suppress, this Court construes the evidence in favor of the trial court's ruling, and we review de novo the trial court's application of the law to undisputed facts." (Citation omitted.) *Lindsey v. State*, 287 Ga. App. 412 (651 SE2d 531) (2007). Here, the evidence is undisputed that on September 29, 2006, Officer Richard L. Klok of the Gwinnett County Police Department was on routine patrol in a patrol car when he noticed Davis and another man walking down the street. As he drove by, Davis immediately moved his hand to his right waistband and gave it a quick upward tug. Klok testified that in the past he had observed similar actions by people who were carrying concealed weapons. Davis and the other man were wearing black pants and long white shirts that came down to their knees, and Davis's movement toward his waistband caught the officer's eye.

The officer turned his car around and again passed the two men. During this pass, the officer observed a bulky object concealed by Davis's long shirt at the spot where he had previously moved his hand. Klok slowed his car down and tried to observe the men as long as he could. He noticed that Davis's pants were sagging on the right

hand side as if there was something of "considerable weight" on that side of his body. It was a windy day, and Davis again moved his hand over his right waist, pulling his pants up a little bit, and then moved his hand away. As he did so, the wind blew, allowing Klok a glimpse at what looked like the pistol grip of a handgun. After calling for backup, Klok moved his car down the road and stopped, while observing the two men. Davis continued to pull up on the right side of his waist, and Klok again saw what appeared to be the pistol grip of a handgun protruding from that side of his waist.

Klok stepped out of his car and asked the men if they would stop and talk to him. Immediately, Davis's left hand went up and his right hand went to his waist where the officer believed he had a hidden firearm. At that point, Klok unholstered his weapon and asked both men to raise their hands. He told the men that he had stopped them because he thought Davis had a gun. Davis put his head down and said nothing. After another officer arrived, Klok patted Davis down and discovered a black .45 automatic handgun in his right waistband. The officer removed the gun and placed Davis under arrest.

Davis asserts that because Klok had merely a suspicion or hunch that he was carrying a handgun, he lacked sufficient ground to conduct a pat-down search. We disagree.

"Under *Terry v. Ohio*,[1] a law enforcement officer, for his own protection and safety, may conduct a patdown to find weapons that he reasonably believes or suspects are then in the possession of the person he has accosted." (Punctuation omitted.) *Holmes v. State*, 267 Ga. App. 651, 652 (601 SE2d 134) (2004). "The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." (Citations and punctuation omitted.) *Mashburn v. State*, 186 Ga. App. 488, 489 (367 SE2d 881) (1988). Under such circumstances, the officer has "the power to take necessary measures to determine whether the person is in fact carrying a weapon and to neutralize the threat of physical harm." *Rucker v. State*, 266 Ga. App. 293, 295 (2) (596 SE2d 639) (2004).

Applying these principles, we find that Klok was justified in being concerned for his safety and in conducting the pat-down search based upon his observations of Davis's earlier behavior in repeatedly tugging at his waistband to pull up his sagging pants, the bulge in Davis's waistband that appeared to be the pistol grip of a handgun, and Davis's actions of raising his left hand and reaching toward that bulge when the officer approached him. See *Rucker v. State*, 266 Ga.

---

[1] 392 U. S. 1, 27 (88 SC 1868, 20 LE2d 889) (1968).

App. at 295 (2); *Mashburn v. State*, 186 Ga. App. at 488. Accordingly, the trial court did not err in denying his motion to suppress.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MARCH 4, 2008.

*Robert Greenwald*, for appellant.

*Gerald N. Blaney, Jr.*, Solicitor-General, *Mihae Park, Rosanna M. Szabo*, Assistant Solicitors-General, for appellee.